# Schleicher, Schumm & Co. v. Montgomery Light Co.

## Action for Breach of Contract.

1. *Action for breach of contract of purchase; sufficiency of complaint.* — When a complaint avers that the defendant contracted for the purchase of certain machinery from plaintiff, and that at great expense, the plaintiff procured said machinery and had it ready for delivery to defendant in compliance with the contract, but the defendant refused to accept or receive it, to the great damage of plaintiff in a certain designated sum, there is stated a cause of action for the breach of an executory contract of purchase; and the fact that the damages claimed are laid at the same amount as the contract price of the machinery exerts no influence in determining the legal character of the action, and does not make 'the complaint one for the purchase price of goods sold, and, therefore, demurrable for failure to show a completed sale by acceptance on part of defendant.

2. *Same; same.*—In an action for the breach of a contract of purchase, where, after averring that the defendant contracted to purchase from plaintiff certain machinery to be delivered on the cars at plaintiff's place of business, to be transported to defendant and set up and operated, and that it was stipulated in the contract that if after a test for thirty days the machinery should not be approved by defendant "for the purposes for which it was purchased," the defendant was to be released from the purchase, a count of the complaint further averred that the defendant refused to accept the machinery after its delivery on the cars, there is stated a substantial cause of action for the breach on the part of defendant of said contract of purchase; the contract being consummated on plaintiff's part by delivery on the cars, and the agreement for a rescission being a condition subsequent, which could only be effective after the defendant had tested the machinery within the stipulated time and found that it did not meet his approval "for the purposes for which it was purchased," and which the breach by the defendant, in refusing to accept the machinery, rendered impossible to transpire.

3. *Same; same.*—In such an action, where a count of the complaint alleges that under the contract the plaintiff was required to deliver the machinery to defendant on board the cars, to be carried to defendant's home, where it was to be tested, and if approved by him, as suitable" for the purposes for which it was purchased," the defendant was to pay the stipulated price, and then avers that the defendant refused to accept or receive the machinery after it was placed on the

[Schleicher, Schumm & Co. v. Montgomery Light Co.]

cars, there is stated in such count a substantial cause of action against the defendant for a breach of said contract; the refusal to take the stipulated steps, without which a sale could not occur, and by which a sale might merely become possible, constituting an actionable breach.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN G. WINTER.

This was an action brought by the appellant, Schleicher, Schumm & Co., against the appellee, the Montgomery Light Company. The complaint as originally filed contained but one count, which was as follows: "The plaintiff claims of the defendant three thousand, seven hundred and thirty-seven dollars, ($3,737), for that, heretofore, to-wit, in May, 1893, defendant contracted with plaintiff for the purchase from plaintiff of an engine and [here follows statement of different articles of machinery and the price to be paid therefor], to be delivered to the defendant free on board cars at Philadelphia, Pennsylvania. That in pursuance of this contract, plaintiff, at a great expense, procured said machinery, and in a reasonable time had the same ready to be delivered to the defendant in compliance with said contract; but without any fault on the part of plaintiff, defendant notified plaintiff that it would and did refuse to accept or receive said machinery, though plaintiff is and always has been ready, willing and able to comply with his said contract, and now holds said machinery subject to the order of defendant. To the great damage of plaintiff, in the sum of three thousand, seven hundred and thirty-seven dollars, which sum, together with interest thereon, is now due and unpaid."

There was a second count, added for goods, wares, and merchandise, sold and delivered, but this count was subsequently stricken from the file. The plaintiff afterwards amended his complaint by adding thereto counts numbered 3, 4, 5, 6 and 7, which were as follows: "3d. The plaintiff claims of the defendant the further sum of three thousand, seven hundred and thirty-seven ($3,737.00) dollars, under a certain contract of sale made and entered into by and between plaintiff and defendant, wherein and whereby plaintiff sold to defendant [here follows statement of different articles of machinery and the price to be paid therefor], said articles of machinery to be manufactured and furnished in accordance with

certain plans and specifications and to be delivered without expense to the defendant on the cars at Philadelphia, Pennsylvania, the defendant to construct a suitable foundation for the engine and counter shafting and furnish all the necessary piping, the defendant to be allowed thirty (30) days to test said machinery, and if the same should not be approved by the defendant for the purposes for which it was purchased, then defendant to be released from its purchase, and the payment of said $3,737. Said articles of machinery to be manufactured, furnished and shipped by plaintiff to defendant within a reasonable time. And plaintiff avers that defendant assented to, agreed to and accepted the contract of sale, as above stated, and that in accordance with the terms thereof, plaintiff manufactured and provided said machinery, and placed the greater portion of the same, and was proceeding to place the balance of the same, on the cars at Philadelphia, Pennsylvania, when he was directed by defendant not to ship said machinery, and soon thereafter was notified by defendant that it would not receive said machinery. Said machinery was manufactured and purchased especially for defendant's works in the city of Montgomery, Alabama, and is unfitted for any other works, and defendant has refused and does still refuse to accept said machinery and to pay plaintiff for the same, though requested by the plaintiff to do so. To the damage of plaintiff in the sum of $3,737." "4th. And plaintiff further claims of defendant the sum of three thousand seven hundred and thirty-seven dollars for certain articles of machinery [here follows statement of different articles of machinery and the price to be paid therefor], sold and delivered to defendant at and for the price agreed on by and between plaintiff and defendant, to-wit, the sum of $3,737, in accordance with the terms of a certain contract of sale made and entered into by and between plaintiff and defendant on or about May, 1893, by which said contract defendant was to receive said machinery and try it, to ascertain whether it was suitable for the purposes for which it was intended, and, if it was approved by defendant it was to pay said price to plaintiff. And plaintiff avers that afterwards defendant declined and refused to receive said machinery after the same was placed on the cars at Philadelphia, Pennsylvania, the place agreed on between

plaintiff and defendant for said machinery to be deliverd for transportation to the home of defendant. Plaintiff notified defendant that said machinery was the property of defendant, and that the same was held subject to defendant's orders, said machinery having been manufactured and purchased specially for defendant's works in the city of Montgomery, Alabama, and is unfitted for any other works; to the great damage of plaintiff in the sum of $3,737."

The fifth count was substantially the same as the fourth; and the sixth and seventh counts were substantially the same as the third.

To the first count of the complaint the defendants demurred upon the following grounds: "1. Said count is a suit for the recovery of this defendant of the purcase price of a certain engine and counter-shaft, which it is alleged defendant agreed to purchase from the plaintiff; and it is shown by the allegations of said count that the title to said property never passed to this defendant. 2. Said count is a suit to recover of the defendant the purchase price of a certain engine and other machinery, which it is alleged that defendant agreed to purchase from the plaintiff, and it is shown by the allegations of said count that the defendant refused to accept said machinery. 3d. That it appears in and by the allegations of said complaint that plaintiff only has remedy, if he has any, in an action against defendant for damages for failure to accept the property alleged to have been sold to it. 4th. It is not averred or shown by the complaint that plaintiff suffered any damages by the refusal of defendant to take the property."

To the 3d, 4th and 5th counts of the complaint the defendant demurred upon the following grounds: "1. The facts set out in the counts do not set up any cause of action against this defendant. 2. It is shown in and by the allegations of said counts that this defendant never agreed to buy the said engine and other machinery described therein, but only to receive the same and try it and buy it in event it was satisfactory. 3d. It is shown in and by the allegations of said complaint and said counts that the title to said property has never passed from the plaintiff to defendant. 4th. It is averred in said count that the defendant was to receive the said property, use it and if it was approved by the

defendant, then defendant was to buy it, and it is not shown or averred that the same was ever approved by defendant.''

To the 6th and 7th counts the defendant demurred upon the following grounds : ''1.  It appears in and by the allegations of said counts that the same is a suit for the recovery of the purchase price of certain machinery, which this defendant refused to accept, and which the plaintiff has not delivered, and plaintiff's right of action, if any he has, is an action for damages for refusing to receive said property.  2.  It appears in and by the allegations of said counts that under an alleged contract between the defendant and the plaintiff, the absolute and unconditional power was vested in the defendant to purchase the said machinery or not, and it is shown that it refused to purchase the same.  3.  It is shown in and by the allegations of said counts, that the right of the defendant to determine whether the said machinery was or not satisfactory to it, was unconditional and arbitrary, and that defendant has determined that the same was not satisfactory to it.  4.  It appears in and by the allegations of said counts, that this defendant was only to pay for the said machinery in event the same was satisfactory to it, after it had been tested by this defendant.  And it further appears that said machinery has never been tested by the defendant.''

The court sustained the demurrers to the several counts of the complaint, and the plaintiff declining to amend or plead further, judgment was rendered for the defendant.  From this judgment plaintiff appeals, and assigns as error the rulings of the court in sustaining the demurrers to the several counts of the complaint.

GORDON MACDONALD, for appellant.—The vendor of personal property in a suit against the vendee for not taking and paying for the property has the choice, ordinarily, of one of three remedies.  1st.  He may store or retain the property for the vendee, and sue him for the entire price.  2d.  He may sell the property, acting as the agent, for that purpose, for the vendee, and recover the difference between the contract price and the contract of re-sale ; or, 3d.  He may keep the property as his own, and recover the difference between the market price at the time and place of delivery and the

[Schleicher, Schumm & Co. v. Montgomery Light Co.]

contract price. — 2 Benj. on Sales, 1014; *Duston v. McAndrew*, 44 N. Y. 72; *Hayden v. Demitz*, 53 N. Y. 428; *Shawhan v. Van Nest*, 25 Ohio St. 490; *Holland v. Rea*, 48 Mich. 218; *Bell v. Offutt*, 10 Bush 622; *Mason v. Decker*, 72 N. Y. 595; *Young v. Mortens*, 27 Md. 114.

The proper contruction of the contract declared on is this: The meaning of the condition of taking, trying and approving, &c., was to see whether the machinery would come up to the representations, be sufficient for the purposes for which it was made. This being so, the buyer was bound to accept it, if it did come up to such representations, if it did answer the purposes for which it was made, and this, whether it was satisfied with the machinery in other respects or not. *Clark v. Race*, 46 Mich. 308.

TOMPKINS & TROY, *contra*.—It is perfectly clear that this action is for the full purchase price of the machinery. It is equally clear that an action for the purchase price cannot be maintained where the title has not passed to the buyer. This count shows that by the terms of the contract the machinery was to be delivered to the defendant free on board of cars at Philadelphia, and the count further shows that that term of the contract was never complied with; but the seller was simply ready to deliver when the buyer notified plaintiff that it would not accept said machinery. It is true that under such facts an appropriate count in an action for damages might be framed; but our quarrel with the first count is that it is an action to recover the full purchase price, when it is shown on the face of the count that the title never passed and the contract of the seller had not been complied with by him and that the seller retained possession of the machinery. The plaintiff can not sue for the purchase price until the title passes to the defendant.—2 Sutherland Damages, (ed. 1882), p. 353 and note 2; *Shines v. Steiner*, 76 Ala. 458; *Harmon v. Goetter*, 87 Ala. 325; *Neal v. Boggan*, 97 Ala. 611; *Hunt v. Wyman*, 100 Mass. 198; Tiedeman on Sales, §§ 3, 5; 21 Amer. & Eng. Encyc. of Law, 585 and note 1, 586; *Messer v. Woodman*, 53 Amer. Dec. 241. In this case the title had not passed and could not pass to defendant until compliance with the contract by placing the goods on board of cars at Philadelphia.—*Bradford v. Marbury*,

12 Ala. 520 ; *Boit v. Maybin*, 52 Ala. 252 ; *McCormick v. Joseph*, 77 Ala. 236 ; *Caraway v. Wallace*, 2 Ala. 542.

It is alleged that the defendant was to pay if it approved of the machinery. When this term of the contract was inserted, the seller deliberately left it with the buyer to determine the question as to whether or not it would be satisfied with the machinery. At whatever time the buyer chose to express that dissatisfaction, if it was expressed, such expression would be fatal to a right of action on the part of the plaintiff for any amount. ''Parties make their own contracts, and either may stipulate as he may deem it necessary for his own protection, and it is optional whether the other accepts the terms proffered. Having once made the contract, neither can hold the other to a different contract.''—*Allen v. Mutual Compress Co.*, 101 Ala. 574 ; *Flouss v. Eureka Co.*, 80 Ala. 30 ; *Phoenix Ins. Co. v. Copeland*, 90 Ala. 386 ; *Royal Ins. Co. v. Lubelsky*, 86 Ala. 530 ; *Fire Ins. Cos. v. Felrath*, 77 Ala. 194 ; *Ala. Gold Life Ins. Co. v. Thomas*, 74 Ala. 578 ; *Imperial Fire Ins. Co. v. Coos County*, 151 U. S. 452 ; *Dwight v. Ins. Co.*, 103 N. Y. 341. The *Allen* case is not only settled law in this State, and in harmony with the ancient principles of the common law, but it is in accordance with the view of the majority of the courts in this country, so far as we have been able to discover.—*Gibson v. Cranage*, 39 Mich. 49, 33 Amer. Rep. 351 ; *Cline v. Libby*, 46 Wis. 123, 32 Amer. Rep. 700 ; *McCarren v. McNully*, 7 Gray 139 ; *Tyler v. Ames*, 6 Lansing 280 ; *Brown v. Foster*, 113 Mass. 136 ; *Gray v. Cen. R. R. Co.*, 11 Hun 70 ; *Adam Boiler Works v. Schnader*, 155 Pa. St. 394 ; *Osborne v. Francis*, 38 W. Va. 312, which collects the cases ; 1 Benjamin on Sales, (Corbin ed.), § 51, and note 17 ; *Flouss v. Eureka Co.*, 80 Ala. 30.

The contract set out in the fourth count is different from that set out in any of the other counts. It is alleged as conclusions of law that the machinery was sold and delivered to defendant and was its property ; yet the facts alleged show the contrary. It is not alleged as a term of the contract that the delivery of the machinery was to be on the cars at Philadelphia, but it is alleged that by the contract defendant was to receive the machinery and try it and ''if it was approved by defendant, it was to pay said price to the plaintiff.'' This term of the contract brings this count squarely

within the rule laid down.—*Foley v. Felrath*, 98 Ala. 176, in which it is said: "That the title will not pass until the vendee determines his option."

HEAD, J.—The original complaint in this case is a plain, ordinary action for damages for the breach, by the defendant, of an executory agreement to purchase from the plaintiffs, and pay them the stipulated price thereof, the machinery therein described. The fact that the damages are laid at the same amount as the contract price, can exert no influence, in determining the legal character of the action—the allegations being clear and unambiguous, showing its character to be as above stated. No manner of demurrer could be properly sustained to the complaint, and the court erred in sustaining those interposed.

The count numbered 3, added by amendment, is in legal effect the same as the original complaint. The substance of the agreement on the part of the defendant, as shown in this count, was, that it would purchase the machinery, at the agreed price, and receive delivery thereof on board cars, at Philadelphia, to be carried by its agents—the carriers—to Montgomery, Alabama, and there, by the defendant, to be set up and operated; and the plaintiff agreed that the defendant, after testing the machinery, within thirty days, should have the right to rescind the contract, if the machinery should not be approved by it, for the purposes for which it was purchased. This, we say, is most clearly the substance and legal effect of the contract as it is stated in this count. The agreement was for a completely executed sale and purchase, to be consummated, on the part of the plaintiff, by delivery to the carriers in Philadelphia. The agreement for a rescission, or as the count states it, *"the defendant to be released from the purchase,"* &c., was a condition subsequent, which could only be effective after the event arose; that is to say, after the defendant had tested the machinery, within the stipulated time, and found that it did not meet his approval *for the purposes for which it was purchased.*—*Foley v. Felrath*, 98 Ala. 176. It is too plain, therefore, for controversy, that it was the defendant's duty (the plaintiff being in no default) to receive the machinery in the execution of the purchase; and, if it desired to preserve its right to rescind, to put

it to the stipulated test in order to determine whether it received its approval—an approval not to be exercised or not, capriciously and without qualification, but approval "*for the purposes for which it was purchased,*" as the agreement stipulates. The defendant might, for many reasons, have desired to recant its purchase, and yet after making the test according to the agreement, might have found the machinery perfect in all the requirements of the contract, and entirely suitable to the purposes for which it was purchased, and thus have been forced to accord to it his approval.—*Mobile Electric Light Co. v. Elder Bros., infra.* In that event, the condition, upon which depended the right of rescission, would have failed.

There can be no doubt, therefore, that the defendant committed a breach of the contract when it refused to accept delivery of the goods, giving cause of action for recovery by the plaintiff of all damages proximately resulting from the breach. By this breach, it became impossible for the condition subsequent above discussed to transpire, and the rights of the parties, under this count, must be determined without reference to it. The court erred in sustaining demurrers to the count.

The effect of the fourth count is that the plaintiff should deliver the machinery to defendant, on board cars in Philadelphia, to be carried to defendant's home, which the count, by inference merely, states was in Montgomery, Alabama; that the defendant should try it to ascertain whether it was suitable for the purposes for which it was intended, and if it was approved by the defendant it was to pay the stipulated price. The count then avers that the defendant refused to receive the machinery after it was placed on the cars in Philadelphia, and this is the breach assigned.

It is observable under this version of the contract, that there was to be no completed sale until the happening of the condition precedent, that the defendant would try the machinery, and ascertain, &c., as above stated. There is no question of rescission involved in this count, but, on the contrary, the sale was not to take effect, at all, until the specified approval should take place. The delivery stipulated to be made was not to pass title to the defendant, in the execution of the proposed sale. It was to furnish the means by which the

happening of the event, which was to operate to complete the sale and pass the title, would be rendered possible. So, the action is not for a refusal to complete the purchase, but for refusal to furnish the stipulated means by which it would be possible for the purchase to take effect. Had there been no refusal to receive and try the machinery, it would not have followed necessarily that a sale would have been consummated; for the machinery might have properly failed to receive the defendant's approval. The question then is, whether a refusal to take the stipulated steps without which a sale could not occur, and by which a sale might merely become possible, constitutes an actionable breach. We are unable to see why such an agreement is not mutually binding, giving rise to an action in favor of either party, for a breach by the other of any of its stipulations. It was a valuable right of the plaintiff that the defendant receive the machinery and try it, whereby, if approval followed, he would have made sale of his goods. It was a valuable right of the defendant that the plaintiff deliver the goods in order that it might effectuate a desirable purchase. The uncertainty that a sale would have resulted, had there been no breach, can not detract from the force of the promises which were broken. The difficulty, perhaps, lies not so much in determining that a cause of action exists, as the admeasurement of damages—a question we are not now called upon to consider. We are of opinion the court erred in sustaining the demurrers to the count.

The fifth count is substantially the same as the fourth, and the demurrers to it should be likewise disposed of.

The sixth and seventh counts, we think, are substantially the same as the third, and should be likewise disposed of.

This case is unlike that of *Allen v. Mutual Compress Co.*, 101 Ala. 574, and not controlled by the principles there declared.

Reversed and remanded.