# Alabama Great Southern Railroad Co. v. Hall.

*Action against a Railroad Company to recover Damages for Injuries to a Horse.*

1. *Action against railroad company for injury to a horse; sufficiency of complaint.*—In an action against a railroad company, a complaint which "claims of the defendant the sum of seventy-five dollars as damages for that on or about the ..... day of August, 1900, defendant negligently caused one horse, the property of plaintiff, to run into a trestle on defendant's railroad and thereby injured it so that it was worthless," states a cause of action, and is not subject to demurrer upon the ground that it fails to state or show that the defendant owed the plaintiff any duty in respect of the animal, and that its averments of negligence were too vague and indefinite.

2. *Same; duty of engineer upon seeing horse running in front of train.*—Where a horse frightened by an advancing train ran directly towards a trestle of a railroad in front of a train, and the surroundings were such that he would probably continue his flight along the track and into the trestle, if the train continued to advance, the engineer, seeing these things, owes the owner of such horse the duty of stopping the train and thereby removing the cause of the flight of the animal; and the railroad company is liable for injuries resulting to the horse, if the engineer negligently fails to discharge this duty.

[Alabama Great Southern Railroad Co. v. Hall.]

3.  *Same; same; case at bar.*—In an action against a railroad com-
     pany to recover damages for injuries to a horse which ran
     into a trestle of the defendant's railroad, where there was evi-
     dence tending to show that the train on the defendant's road
     was moving towards a trestle on the roadway, and plaintiff's
     horse was running on the track between the engine and the
     trestle, apparently frightened by the train, that the track at
     that place was upon an embankment, several feet high, and
     the train was 30 to 50 yards behind the horse and going faster
     than he was, and that the engineer was aware of the situation
     and did not seasonably stop or check the speed of the train,
     which if he had done the horse would not have continued his
     flight into the trestle, and the injury to him would have been
     averted, the general affirmative charge requested by the de-
     fendant is properly refused.
4.  *Same; same; what necessary to authorize plaintiff's recovery.*
     In such a case, before the plaintiff is entitled to recover, it is
     necessary for the jury to be reasonably satisfied that the horse
     ran into the trestle in consequence of the continued advance
     of the train.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JAMES A. BILBRO.

This was an action brought by the appellee, A. L.
Hall, against the Alabama Great Southern Railroad
Company, to recover damages for injuries to a horse.
The plaintiff claimed damages under separate counts
for injury to a horse and a mule, but the court gave
the general affirmative charge for the defendant as to
the damages claimed for the mule.

The count of the complaint claiming damages for
the horse, and the substance of the demurrers to said
count are set out in the opinion. The recital in the
judgment entry relative to the rulings upon the demur-
rer to this count of the complaint, which was the
amended complaint, was as follows: "The defendant
demurs to amended complaint, and on consideration of
the court the demurrer is overruled."

On the trial of the cause it was shown that the train
which frightened the horse of the plaintiff was a local
freight train going north. The evidence for the plain-
tiff tended to show the following facts: The train had
backed into a switch to get a car. The horse in ques-
tion was on the side track and ran along the side ahead

of the train for a short distance, about 75 yards to the main line. When the horse was on the north side track the train was going toward him and was about 50 yards off. The horse then ran up the line to the trestle, ran on the trestle and fell through it. The trestle was from 30 to 35 yards north of the point where the side track comes into the main line. The horse was frightened by the train and ran along the track ahead of it until he fell into the trestle. The engineer did not blow the whistle or ring the bell of the engine. The engineer began checking the train before the engine got on the main line, but the engine and cars were moving when the horse fell in the trestle. When the train stopped, the engine was on the main line and the tender and rest of the train were on the switch, and the engine was about 30 yards from the horse. The engine did not come in contact with the horse and did not get nearer to him than about 30 yards. The engine was going faster than the horse and was gaining on him. The fall of the horse was proven, and it was shown that he was worthless after the accident. The engineer on said train, as a witness in behalf of the defendant, testified that he saw the horse start down the side track towards the main line; that at that time the train was running at five or six miles an hour, and should have been stopped in from 15 to 30 feet; that the horse was about 200 feet in front of the engine and the engine never got closer than 150 feet to him, and when he stopped the engine, it had just gotten on the main line. It was shown that the main track was upon an embankment. The engineer testified that the embankment did not have precipitous sides, but was an ordinary embankment. A witness for the plaintiff testified that when the mule went down the embankment he partly slided down.

The court in its oral charge to the jury instructed them as follows: "When the animals got on the main line, there are two matters for the jury to consider, first, were the animals in such a state of fright at that time, that they would have fallen into the trestle anyway, if it reasonably appears that the animals would

[Alabama Great Southern Railroad Co. v. Hall.]

have continued in their flight and fallen into the trestle whether the train moved further or not, then the plaintiff can not recover, (but if that does not reasonably appear, then when the animals got on the main line, if the engineer saw that they were headed toward the trestle, it became the duty of the engineer on perceiving the animals on the track to take steps to stop the train, and if the engineer fail to do so and this train ran on and the horse ran into the trestle, the plaintiff is entitled to a verdict, if the jury should also believe from the evidence that the failure of the engineer to check his train contributed to running the horse into the trestle)." The defendant separately excepted to that portion of the charge copied above which is within the parentheses, and also separately excepted to the court's refusal to give the general affirmative charge requested by it.

There were verdict and judgment for the plaintiff, assessing his damages at $81. The defendant appeals, and assigns as error the rulings of the court upon the pleadings and the giving of the portion of the court's oral charge to which the defendant excepted, and the refusal to give the general affirmative charge requested by the defendant.

AMOS E. GOODHUE, for appellant, cited *Stanton v. L. & N. R. R. Co.*, 91 Ala. 382; *Oxford Lake Line Co. v. Stedham*, 101 Ala. 376.

DAVIS & HARALSON, *contra*, cited *Mary Lee C. & R. Co. v. Chambliss*, 97 Ala. 171; *Georgia Pac. R. Co. v. Davis*, 92 Ala. 307; *Western R. Co. v. Lazarus*, 88 Ala. 453; *Oxford Lake Line Co. v. Stedham*, 101 Ala. 376.

McCLELLAN, C. J.—Action by Hall against the railroad company. The complaint is as follows: "Plaintiff claims of the defendant the sum of seventy-five dollars as damages for that on or about the .... day of August, 1900, defendant negligently caused one horse, the property of plaintiff, to run into a trestle on defendant's railroad, and thereby injured it so it was worthless." (There was also a mule in the com-

plaint and in the trestle, but as no injury to it was proved and the court charged affirmatively for defendant as to the damages claimed as to it, we pretermit the mule.) There was a demurrer to the complaint on the grounds that it failed to aver or show that defendant owed the plaintiff any duty in respect of the animal and that its averment of negligence was too vague and indefinite. The demurrer was overruled, and properly, under the authority of *Western R'y. Co. v. Lazarus,* 88 Ala. 453; *Oxford Lake Line Co. v. Stedham,* 101 Ala. 376; and *Louisville & Nashville Railroad Co. v. Marbury Lumber Co.,* 126 Ala. 237. (We do not decide whether there was a judgment entry as to this demurrer.)

On the evidence before them it was open to the jury to find that defendant's train was being moved forward toward a trestle, that plaintiff's horse was on the track between the engine and the trestle running, in apparent fright of the train, toward the trestle, that the track along which the horse ran was on an embankment five or six feet high, the sides of which while not "precipitous" were yet at such an incline as that a horse in attempting to go down them would partially slide, that the train was from thiry to fifty yards behind the horse and going faster than he was—"gaining on him,"—that the engineer was aware of the situation but did not seasonably stop or check the speed of his train, that had he done so the horse would not have continued his flight onto and into the trestle, and the injury to the animal would have been averted. In view of the phase of the case presented by these tendencies of the evidence, the court properly refused the affirmative charge requested by the defendant. Seeing the horse running directly toward the trestle in fear of the advancing train, the surroundings being such as that he would probably continue his flight along the track into the trestle if the train continued to advance, the engineer owed the plaintiff the duty of stopping the train and thereby removing the cause of the flight of the animal, and if he negligently failed to discharge this duty and in consequence the horse was injured, the defendant is liable.

Of course, it was a matter of inference for the jury whether the horse would or not have continued his flight into the trestle had the train been stopped when it should have been; and it was necessary, of course, for the jury to be reasonably satisfied that he ran into the trestle in consequence of the continued advance of the train before they were authorized to return a verdict for the plaintiff. That part of the oral charge to which an exception was reserved, taken as a whole and in connection with its context is not an erroneous statement of law in this regard, for while in its opening clause it is open to a construction which might authorize a verdict for the plaintiff upon the jury not being reasonably satisfied that the horse would have gone into the trestle in any event, when it was necessary for them to find that he would not have gone there but for defendant's negligence, yet the last clause corrects this faulty tendency by requiring the jury to find for plaintiff only in the event the failure to stop the train contributed to the injury.

Nor, in our opinion, was the oral charge bad when referred to the evidence, for asserting that when the horse got on the main line and the engineer saw that he was headed for the trestle, it became the duty of the engineer to take steps to stop his train. The evidence is undisputed that the horse was frightened by, and in flight from, the train and that he was running on a considerable embankment, his easiest route of flight, but for the trestle being on and along the track. On these facts there was such obvious danger of the horse running into the trestle from the time he got on and began to run along the main track as to impress the mind of an ordinarily prudent man in the place of the engineer with the necessity of removing the cause of the horse's fright and flight by stopping the pursuing engine, and it then became the engineer's duty to stop it.

We find no error in the record, and the judgment must be affirmed.