[Southern Railway Company v. Hobson.]

# Southern Railway Company *v.* Hobson.

## *Injury to Animals.*

(Decided April 9, 1912.   58 South. 751.)

1. *Pleading; Venue; Negative Defenses.*—While an action for negligent killing of an animal must be brought in the county where the injury occurred, or in the county where the plaintiff resides, if the defendant corporation does business therein by agent, yet the complaint need not show such matters as they are matters of affirmative defense.

2. *Railroad; Injury to Stock; Instruction.*—It is proper to refuse the affirmative charge to the defendant, in an action for killing a horse, where there was some evidence from which an inference might be drawn that the death of the horse was due to the negligence of some of the defendant's servants.

3. *Same; Issues; Proof and Variance.*—Where the complaint charged that the corporation negligently caused the death of plaintiff's horse by causing it to run into a trestle, proof that the company itself participated in the injury is not required, it being sufficient if it be shown that the injury was caused by the negligence of the employees of the defendant acting within the line and scope of their employment.

4. *Same; Instruction.*—A charge asserting that if the crew of the handcar stopped it 100 yards from where the horse ran into the trestle, and no other means were used to frighten the horse, then the verdict should be for the defendant, was misleading.

5. *Same; Negligence of Defendant.*—Where a handcar belonging to the defendant corporation frightened the horse, which ran down the track in the direction of the trestle, it became the duty of the employee in charge of the handcar to stop it, and thus remove the cause of the fright, and their failure to do so until the horse jumped into the trestle was negligence supporting an action for its killing.

6. *Charge of Court; Invading Jury's Province.*—The court is not required to charge that there is no evidence of a particular fact.

7. *Same; Confusing.*—Charges which are involved or confusing are properly refused.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Mack Hobson against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

[Southern Railway Company v. Hobson.]

The complaint is as follows: "Plaintiff claims of defendant the sum of $250, for that on or about March 3, 1910, defendant negligently caused a mare, the property of the plaintiff to run into a trestle on defendant's railroad, and thereby injured it so that it died." The demurrers raised the proposition that the allegation of negligence is a mere conclusion, that it is too vague, uncertain, and indefinite, and that the complaint fails to aver in what county and at what point therein the alleged injury is said to have occurred.

The following charges were requested by and refused to the defendant: (1) "I charge you that, if you believe the evidence in this case, your verdict must be for the defendant." (12) "I charge you that plaintiff has failed to prove that the defendant did negligently kill, or in any manner negligently cause or contribute to the death of, the mare sued for in this action, and that your verdict in this case should be in favor of the defendant." (6) "I charge you, gentlemen of the jury, that if you believe from the evidence that the employes of the defendant did nothing to frighten that animal belonging to plaintiff, and did not make any unusual or unnecessary noise, the defendant is entitled to a verdict at your hands." (9) "I charge you, gentlemen of the jury unless you believe the noises which frightened the animal were unnecessary or unusual, if you believe that the mare was frightened by the noises solely."

PETTUS, FULLER & LAPSLEY, for appellant. The court erred in overruling demurrers to the complaint, as it stated conclusions merely. Under the evidence the defendant is entitled to the affirmative charge, and the court erred in refusing it as well as charge 13.—*Stanton v. L. & N.* 91 Ala. 382. The court also erred in refusing charge 14.—*A. G. S. v. Hall,* 32 South. 259.

W. F. HOGUE, for appellee. The court did not err in any of its rulings.—*A. G. S. v. Hall,* 32 South. 259; *C. of Ga. Ry. Co. v. Thomas,* 55 South. 443.

DE GRAFFENRIED, J.—"In all cases for injuries *ex delicto* to the *person* or to *personal* property, the venue is in general transitory and may be laid in any county, though committed out of the jurisdiction of our courts or of the queen's dominions. Thus, action for assaults, batteries and false imprisonments; and for words and libels; even for setting up a defamatory mark on the plaintiff's house, denoting that it was a house of ill fame, being a personal injury to plaintiff's character, and not considered as an injury to the building; and for taking away and injuring personal property; and for escapes and false returns; and upon bail bonds—are transitory."—1 Chitty on Pleadings (16th Am. Ed.) 282.

The law does not require, in actions like the present, the useless statement in what place or what part of a county the fact or facts out of which the cause of action arose occurred. "As to the extent of the application of this rule, it would seem from its terms to apply to every declaration and pleading in which *local description* is not *clearly required;* so that, even in actions where the venue is local, as in *case,* for an injury to a house or land, or right of common or way, after stating the county in the margin, no subsequent statement of place is necessary."—1 Chitty on Pleadings (16th Am. Ed.) 287.

Section 6112 of the Code provides that a foreign or domestic corporation may be sued in any county in which it does business by agents; but all actions for personal injury must be brought where the injury occurred or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiff's residence. This section of the Code is

section 4207 of the Code of 1896, as amended by
the Legislature of Alabama by an act approved
March 5, 1903. In construing that act, the Supreme
Court of Alabama say: "Notwithstanding Acts 1903, p.
182, requiring these actions to be brought in the coun-
ty where the injury occurred or in the county where
plaintiff resides, it is not necessary to allege these mat-
ters in the complaint, as it is a matter of defense to be
pleaded."—*T. C. I. & R. R. Co. v. Bridges,* 114 Ala.
237, 39 South. 904 (113 Am. St. Rep. 35).

We have been able to find nothing, in any of the au-
thorities, indicating that the law requires the plaintiff
in his complaint in cases like the present to even state
the country in which the injury of which he complains
was received by him. We certainly have found nothing
indicating that the law requires him to state the par-
ticular place at which such an injury occurs, and we
see no reason why the law should make any such require-
ments. The sufficiency of the complaint in this case
has been expressly upheld by the Supreme Court in
the case of *A. G. S. R. R. Co. v. Hall,* 133 Ala. 362, 32
South. 259, and, without further discussion, we are of
the opinion that the trial court committeed no error in
overruling the defendant's demurrer to the complaint.

2. We cannot affirm that there was no evidence in
this case from which the jury did not have the right
to infer that the death of the plaintiff's mare was not
due to the negligence of the defendant's servants. For
this reason charge 11, requested in writing by the de-
fendant, was properly refused.—*Birmingham Ry. Co. v.
Enslen,* 144 Ala. 343, 39 South. 74; *A. G. S. R. R. Co. v.
Hall, supra.*

3. While the complaint charges that the defendant
negligently caused the mare of the plaintiff to run into
a trestle we do not think that the injury complained of

is ascribed by the plaintiff to any act of negligence committed by the defendant itself. We think that the allegations of the complaint were sufficiently met if the jury were reasonably satisfied from the evidence that the injury complained of was caused by the negligence of the servants of the defendant, while acting within the line of their employment.—*Central of Georgia Ry. Co. v. Thomas,* 1 Ala. App. 167, 55 South. 443.

4. Courts are not required to charge a jury to the effect that there is no evidence of a given fact.—*Western Steel, Car & Foundry Co. v. Cunningham,* 158 Ala. 369, 48 South. 109. For the above reason, as well as for the reasons set forth in section 2 of this opinion, charge 12, requested by the defendant, was properly refused by the court.

5. The evidence in this case shows that the plaintiff's mare, being frightened by an approaching hand car which was then being operated by defendant's employes, jumped upon defendant's railroad tracks, and while in a frightened condition ran upon the track in the direction of a trestle and jumped into the trestle, sustaining injuries from which she died. There was evidence tending to show that the mare, in her frightened condition, went upon the track 420 yards from the trestle, and that she ran that distance with the hand car behind her and not at a great distance and gaining on her. The parties in charge of the car, it was admitted, saw the mare when she went upon the track, and she remained in sight of the car from the time she went upon the track until she jumped into the trestle. Of course, the jury were authorized to infer that the employes saw the trestle, or knew that the trestle was at the point where it was situated. There was evidence tending to show that the mare, when she reached the trestle, stopped and looked around; that the car con-

[Southern Railway Company v. Hobson.]

tinued in her direction with unabated speed; and
that when the car drew near to the mare she turned
and jumped into the trestle. Some of the evidence tend-
ed to show that the mare did not stop at all, but jumped
into the trestle as soon as she reached it. There was ev-
idence tending to show that the parties operating the
car made unusual and unnecessary noises calculated to
needlessly alarm the animal while she was on the track;
but the testimony of the defendant's employes tended
to show that they made no such noises, and that the
car was permitted to run in an orderly and customary
way from the time the mare went on the track until
the injury occurred.

It is undoubtedly true that the plaintiff's mare jumped
into the trestle and so injured herself that she died
because she was frightened by the approach of defend-
an't hand car. Whether or not, under all the circum-
stances, the death of the mare was due to the negligence
of the defendant's servants while acting within the line
of their employment, was a question, as we have above
stated, not for the court, but for the jury. This being
true, the law did not *require* the court to give any charge
to the jury, at the request of either of the parties, which
was calculated to mislead the jury. While a court will
not be reversed for giving a charge which has a mislead-
ing tendency unless it clearly appears that the jury was
mislead by it to the prejudice of the party against whom
it was given, nevertheless a trial court will *not* be re-
versed for *refusing to give* such a charge.—*Henning-
burg v. State,* 153 Ala. 13, 45 South, 246; *Hammond v.
State,* 147 Ala. 31 South. 761; *Atlanta & Birmingham Ry
Co. v. Wheeler,* 154 Ala. 530, 46 South. 262; *Vandiver v.
Waller,* 143 Ala. 411; 39 South. 136.

It is also a well-established rule that when charges are
much involved or are confused, they should not be given.--

*W. U. Tel. Co. v. Benson,* 159 Ala. 254, 48 South. 712; 6 Mayfield's Dig. p. 112, §§ 182, 183, 184.

In written charge 13, the defendant requested the court to charge the jury that, if they believed from the evidence that "the train crew handling the hand car stopped said car a distance of 100 yards from where said mare ran into defendant's trestle, *and no other means were used to frighten said mare,* your verdict should be in favor of defendant."

While there was a sharp dispute between the witnesses for the defendant as to how far the car was from the mare at the time she jumped into the trestle, and as to whether the employes of the defendant handled the car in a proper and orderly or in an improper and negligent manner while the mare was upon the track of the defendant, and while the evidence was in sharp dispute as to whether the employes of the defendant halloed and so conducted themselves while the mare was upon the track of the defendant as to needlessly frighten her, there was no evidence tending to show that the car was stopped until after the mare had jumped into the trestle, and there was no contention whatever that the mere stoppage of the car at a point 100 yards from the trestle was the cause of the injury.

Charge 13 can be so construed as to mean that the stoppage of the car at a point 100 yards from the trestle caused the mare to jump into the trestle, because, the charge says, "and no other means were used to frighten said mare." It is evident that charge 13 was involved and had some tendency to mislead, and the trial court should not be put in error for refusing to give it to the jury.

In addition to this, there was evidence tending to show that the parties operating the car saw that the mare was frightened, and that they knew that the cause

of her fright was the approach of the car, and that, from the surroundings of the frightened animal, there was danger that she might run into the trestle. This being true, there was some evidence tending to show that the parties operating the car could and should have stopped the car before the mare ran into the trestle, and thus have prevented the injury, and for this reason charge 13 was properly refused.—*A. G. S. R. R. Co. v. Hall supra.*

6. As we have above stated, the evidence tended to show that the mare ran down the track, in the direction of the trestle, 420 yards before she jumped into it. The hand car, according to the defendant's evidence, was something over 100 yards behind the mare when she went upon the track, and all the evidence shows that the car, whether operated *properly* or *improperly,* and whether operated *with* or *without* noise, was at least permitted by the servants of the defendant to continue down the track and in the direction of the mare until she jumped into the trestle, and, according to the defendant's contention, the car was not over 100 yards from the trestle when the injury occurred. According to the plaintiff's contention, the car was a very short distance from the trestle when the injury occurred. There is one fact about which there can be no dispute. The mare became *frightened* at the hand car, whether properly or improperly operated, and whether operated with or without noise. This being true, as the mare was running in the direction of the trestle, the servants of the defendant, according to some of the tendencies of the evidence, owed the plaintiff the duty of stopping the car "and thereby removing the cause of the fright of the animal; and if they negligently failed to discharge this duty, and in consequence the mare was injured, the defendant is liable."—*A. G. S. R. R. Co. v. Hall,* 133 Ala. 362, 32 South.

259. For the above reasons, charge 6 requested by the defendant was properly refused.

7. In charge 9, the defendant requested the court to charge the jury that they could not find for the plaintiff unless they believed that the noises which frightened the animal were unnecessary or unusual, if they believed that the animal was frightened by noise solely. Undoubtedly the animal was frightened, and if she was frightened by noise solely, then, as there was evidence from which the jury had the right to infer that the fright of the animal and the cause of her fright were known to the employes in time for them to have put an end to such cause before the injury, and as there was also evidence tending to show that such employes knew that the surroundings of the animal were such that, if such *cause* was not discontinued, the animal would continue her flight into the trestle, they owed the plaintiff the duty of putting an end to such cause of the fright of the animal; and if they negligently failed to perform this duty, and in consequence the horse was injured the defendant is liable.— *A. G. S. R. R. Co. v. Hall, supra.* The court therefore did not err in refusing to give charge 9 to the jury.

9. The truth is that the legal questions presented by this record are substantially similar to the questions which were presented to the Supreme Court in the case of *A. G. S. R. R. Co. v. Hall, supra.* The complaint in this case is substantially the same as the complaint in the *Hall Case,* and it seems to us that the main legal question presented by this record were determined adversely to the appellant in said case of *A. G. S. R. R. Co. v. Hall, supra.*

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.