[Kelly v. The State.] .

# Kelly *v.* The State.

## *Bastardy Proceeding.*

1. *Bastardy proceeding; competent to make profert of child before the jury.*—In a bastardy proceeding, it is competent for the State to make profert of the bastard child before the jury, for the purpose of showing its resemblance to the defendant.

2. *Same; evidence of prosecutrix's association with other men.* . On a trial in a bastardy proceeding, where the State has proven the defendant's association with the prosecutrix about the probable date of conception, it is competent for the defendant to introduce evidence showing that about the same time the prosecutrix associated with other men, particularly with a certain named man on an occasion and under circumstances affording opportunity for illicit relations.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN MOORE.

This was a bastardy proceeding, in which the appellant, Willis Kelly, was tried and found guilty of being the father of the bastard child of Florence Stephens.

On the trial of the case the evidence for the State showed that Florence Stephens was delivered of a bastard child on July 27, 1900. The State, for the purpose of showing the likeness of the child to the defendant, proposed to offer the child in evidence, so the jury could view it; the defendant objected to the introduction in evidence of the child, but the court overruled the objection, and permitted the child to be introduced in evidence, and the defendant duly excepted to the ruling of the court. Defendant, the child and the mother are all white persons.

There was testimony in behalf of the State to show that during the month of October, 1899, (the month prior to the time the State contended the child was conceived), the defendant associated with Florence Stephens, having been frequently in her company; and to rebut this testimony, the defendant offered to show that during such time she was also seen in company of other men; and he proposed to prove by one Sellers and one Barr, that they saw her at Alameda about sun down on the fourth Sunday in October, drinking cider with a young man other than defendant; that Alameda is about two miles distant from her home; that she and the young man left Alameda alone, going in the direction of her home; that one of the witnesses drank some of the cider and it made him drunk; that the road from Alameda to her home leads mostly through the woods. The State objected to this evidence, and moved to exclude it, and the court granted the motion, and the defendant duly excepted.

LACKLAND & WILSON for appellant, cited 3 Amer. & Eng. Encyc. of Law, (2d ed.), 885, and cases cited.

CHAS. G. BROWN, Attorney-General, for the State, cited *Miller's Case*, 110 Ala. 86; *State v. Woodruff*, 67 N. C. 91; *State v. Britt*, 78 N. C. 439; *Lenton v. State*, 88 Ala. 218; *Paulk v. State*, 52 Ala. 427; *Finnegan v. Dugan*, 14 Allen, 197; Wharton's Crim. Evidence, § 312, p. 233.

McCLELLAN, C. J.—There is in *Paulk v. State*, 52 Ala. 427, this *dictum*: "On an issue formed in a bast-

ardy proceeding, it is doubtless competent for the defendant to prove that the child bears no likeness or resemblance to him, or that it resembles some other person, who had opportunities of illicit intercourse with the mother." It would necessarily follow that the prosecution upon such issue would be entitled to show that the child resembled the defendant; and, logically, that in such case it would be competent to make profert of the child before the jury to show its resemblance, or lack of resemblance to the putative father. In *Linton v. State,* 88 Ala. 216, the charge was miscegenation of the defendant Linton, a white woman, with John Blue, a negro; and of the propriety of allowing the prosecution to prove Blue's race by producing his person before the jury, this court said: "There was no error in allowing the State to make profert of the person of John Blue to the jury, in order that they might determine by inspection whether he was a negro, as charged in the indictment. There had been a severance in the trials of appellant and Blue; and evidence of this character is clearly competent to show sex (*White v. State,* 74 Ala. 31); age (*State v. Arnold,* 13 Ired. 184); personal resemblance (*State v. Woodruff,* 67 N. C. 439); color and race (*Garvin v. State,* 52 Miss. 207; *Gentry v. McMinnis,* 3 Dana, (Ky.), 385), and many like facts in regard to the personality of the defendant himself, or of any other individual involved in the issue.—Whart. Cr. Ev., §§ 311 *et seq.*" The question in *Linton's case,* being one of *race* and not of *resemblances,* is not the question here; and that case is not authority here, but we have quoted from the opinion in that case to show our citation there with approval of the cases of *State v. Woodruff,* 67 N. C. 89, and *State v. Britt,* 78 N. C. 439, both of which were bastardy cases, and in one of which evidence of the child's resemblance to the defendant given by the midwife was received, and in the other it was held competent to make profert of the child to the jury to show its resemblance to the defendant. It is thus made to appear that in *Linton's case,* as well as in *Paulk's,* there is a *dictum* of this court to the effect that in bastardy proceedings profert may be made of the child. We shall hold in line with these *dicta,* and indorse the rul-

[Kelly v. The State.]

ing of the circuit court in this connection. Much may be said as to the uncertainty of such evidence, and there are authorities against its competency as well as for it; but evidence should not be rejected merely on the ground that its bearing is not of a given degree of certainty, and while evidence of this sort may in point of fact often throw little light on the issue, or none, it may, we think, be submitted for the jury's consideration as affording in most cases the basis for reasonable deductions on their part. The court committed no error in allowing profert of the child to the jury.

We are, however, of the opinion that the court erred in excluding the evidence offered by the defendant of the association of the prosecutrix with others, and particularly with another young man about the probable date of conception, and the circumstances of such association; the State having proved defendant's association with her about that time as affording an inference that he then had sexual intercourse with her. It seems clear to us that the proposed testimony of the witnesses Sellers and Barr, that covering the time of probable conception she was in the company of other men and that on one occasion nine months before the birth of the child she was in company of another man under circumstances affording opportunity for sexual intercourse, his attentions to her at that time, etc., etc., was competent in rebuttal of the inference intended to be and naturally afforded by the evidence introduced by the State as to the association of defendant with her about that time.

For the rejection of this evidence the judgment must be reversed. The cause is remanded.