# Watts *v.* The State.

## *Seduction.*

(Decided June 3rd, 1913.   63 South. 18.)

1. *Continuance; Absent Witnesses.*—Where the state admits a showing as to what the absent witnesses would testify if present, and no compulsory process is requested for their attendance, it is not an abuse of discretion for the court to refuse to continue on account of their absence.

2. *Jury; Excusing from Further Attendance.*—Where the court, before the case was called, excused a juror from further attendance upon the court because of the burning of the juror's house, as the court had a right to do, the defendant cannot complain that such juror's name was eliminated from the list of jurors from which he was required to select a jury.

3. *Appeal and Error; Harmless Error; Evidence.*—Where the only question at issue in a seduction prosecution was whether the intercourse was accomplished by a promise to marry, rulings on evidence not bearing thereon were not prejudicial to defendant.

[Watts v. The State.]

4. *Same.*—Where the witness immediately stated the facts giving the exact time and place, it was harmless if error to admit the statement "He promised to marry me."

5. *Same; Review; Bill of Exceptions.*—Where the bill of exceptions states that all questions of venue were admitted, the defendant cannot complain of the refusal of instructions as to venue.

6. *Seduction; Evidence.*—In a prosecution for seduction, the fact that since prosecutrix had yielded to defendant she had seen him, and what on such occasion he said relative to their relations, was relevant.

7. *Same.*—Where it was admitted that defendant gave prosecutrix an engagement ring, it was competent for her to show that she had lost it, that it had been taken in her absence from where she kept it.

8. *Same.*—While, as a general rule, a prosecutrix in seduction may not testify to acts of intercourse with defendant subsequent to the act relied on as constituting the seduction, intercourse with her by force or against her will would not render her unchaste in such a sense as to prevent her testifying to subsequent permissive intercourse as a predicate for seduction.

9. *Same.*—It was competent for the prosecutrix to testify that the defendant was the father of her child, and to exhibit the child to the jury in a prosecution for seduction.

10. *Same.*—It was competent, in a prosecution for seduction, for the mother of the prosecutrix to testify that the defendant visited her daughter, and that she had seen her wearing the ring which defendant admitted he gave her, and as to what the defendant had said to her about his engagement with her daughter.

11. *Same; Instructions.*—In seduction a charge is properly refused which asserts that the fact that the defendant had intercourse with the prosecutrix is not corroborative of her.

12. *Same.*—A charge asserting that if the jury believe the evidence no temptations, arts, flattery or deception were practiced by defendant on prosecutrix, and that if prosecutrix is not corroborated as to promise of marriage, they should acquit, is not proper.

13. *Charge of Court; Effect of Evidence.*—The court is not required to give instructions asserting that there is or is not evidence of particular facts.

14. *Same; Singling Out Evidence.*—Charges which single out or give undue prominence to particular facts or portions of the evidence may be properly refused.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Frank Watts was convicted of seduction, and appeals. Affirmed.

The defendant was charged with seducing Rilla Jones, by means of arts, flattery, deception, and promise of

marriage, and the facts sufficiently appear in the opinion.

The bill of exceptions recites that, the defendant's witnesses being called, certain ones were absent, and the defendant moved the court for a continuance upon that ground; the court refused the continuance, but placed the state on a showing as to what these absent witnesses would testify; the state admitted the showings subject to legal exceptions, and the defendant was placed upon his trial. It further appeared that it was made known to the court that the witnesses resided within the jurisdiction of the court, but does not appear that process was asked for by defendant to compel their attendance.

The following charges were refused the defendant:

"(2) If the evidence shows beyond a reasonable doubt that prosecutrix consented and entered into the sexual intercourse voluntarily, the defendant cannot be convicted."

"(10) The fact that defendant had sexual intercourse is not corroborative of the prosecutrix.

"(11) In determining what credit should be given to the testimony of the prosecuting witness it is your duty to consider her contradictory statements upon the stand, and, if taken together with all other testimony you have a reasonable doubt of the truth of her testimony in relation to defendant's promise of marriage, or her yielding to him in consequence thereof, you should acquit the defendant.

"(12) Reasonable doubt of the truth of the testimony of prosecutrix in relation to promises or inducements held out to her by defendant, or her yielding to him in consequence thereof, based on contradictory statements made by her, entitles him to an acquittal.

"(13) Unless you believe from the evidence that the second sexual intercourse between the defendant and

prosecutrix was in Marshall county, or within one-fourth mile of the line, defendant must be acquitted."

"(17) If the jury believe the evidence, there was no temptations, arts, flattery, or deception practiced by the defendant on the prosecuting witness, and that if the prosecutrix is not corroborated as to promise of marriage, then you should acquit."

JOHN A. LUSK & SON, and A. E. HAWKINS, for appellant. The action of the court in requiring defendant to go to trial without his witnesses was a denial of his constitutional rights.—*Walker v. State*, 117 Ala. 85; *Sanders v. State*, 61 South. 340; *Rodgers v. State*, 144 Ala. 34. The defendant was entitled to have the juror Fowler placed upon the venire.—*Parsons v. State*, 22 Ala. 50. The answer of the witness, "he asked me if I would marry him," was entirely too broad.—*Smith v. State*, 107 Ala. 139. Evidence as to the loss of the engagement ring was incompetent.—*Davis v. Arnold*, 143 Ala. 228. Other acts were incompetent as they were separate and distinct transactions.—*Pope v. State*, 137 Ala. 56; *Smith v. State*, 118 Ala. 117; *Wilson v. State*, 73 Ala. 527. Counsel discuss other exceptions relative to evidence, but cite no additional authority. Counsel discuss the written charges refused, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The ingredients of the offense charged against the defendant were properly proven.—Code, Section 7776. The exceptions taken to rulings of the court on questions of evidence do not show error. The rulings on the evidence and questions of law contained in the given and refused charges of the court have all been heretofore decided ad-

versely to the appellant.—*Cunningham v. State,* 73 Ala. 51; *Smith v. State,* 107 Ala. 139; *Cooper v. State,* 90 Ala. 641; *Munkers v. State,* 87 Ala. 94.

PELHAM, J.—No abuse of the court's discretion is shown by the statements set out in the bill of exceptions relating to the court's refusing to grant the defendant a continuance on account of the absence of some of his witnesses. No motion or request of any kind is shown to have been made for compulsory process to require the attendance of any of these witnesses, and the state admitted the prepared statements of the defendant as to what the witnesses would testify, if present.

The court had a right to excuse the juror Fowler from further attendance upon the court, and permit him to go home because of his house having been destroyed by fire. This action of the court was taken before the defendant's case was called for trial, and the objection of the defendant that the court had excused this juror without his consent, and that the name of the juror Fowler was eliminated from the jury list from which he was required to select a jury is without merit.—*Nordan v. State,* 143 Ala. 13, 39 South. 406 *Williams v. State,* 147 Ala. 10, 41 South. 992; *Williams v. State,* 144 Ala. 14, 40 South. 405.

The only material difference between the evidence for the state and the defendant, as set out in the record, is the denial of the defendant that he was under promise of marriage to the girl at the time of the wrongful act; the testimony of the prosecutrix being that the illicit intercourse was the result of a promise of marriage. The defendant admitted the acts of sexual intercourse testified to by the prosecuting witness, and admitted that he had been engaged to marry her, but testified that at the time he first had sexual intercourse with

her the engagement had been dissolved and broken off, and that it had not been renewed at any time after it was broken off some months prior to the first act of intercourse, and that he had not persuaded the girl to surrender her chastity to him by promise of marriage, or by any of the other means specified in the statute (Code, § 7776). The only question at issue, then, was whether or not the wrongful act was accomplished by means of a promise of marriage, and rulings on the evidence, not having a bearing on this question, were not prejudicial to the defendant.

If the first statement of the prosecuting witness, "He asked me to marry him," was objectionable as being too broad in covering too long and indefinite a period of time, it was immediately rendered harmless in this particular by the witness further stating the exact time and place when this took place. There was no error in the court's permitting this witness to testify that she had lost the engagement ring given to her by the defendant; that it had been taken from the place where she kept it in her home, during her absence. The fact that the defendant had given her the ring was not disputed, but, on the contrary, was admitted by the defendant. The testimony of the prosecuting witness of having seen the defendant since the night when she first yielded to him, and what he said in regard to the relations existing between them on those occasions, was relevant, and properly admitted. The only act of permissive intercourse with the defendant, as testified to by the prosecutrix, occurred on the occasion, when returning alone with the defendant in a buggy from a visit to a sick person, in March, 1912. It was certainly a question for the jury to say whether or not the prior occurrences she testified to were such as to show an unsuccessful attempt by the defendant to have sexual

intercourse, or consent on her part to the act, or an accomplishment of the act by force and against her will. If accomplished by means of force on the part of the defendant and against her will, she was still chaste within the meaning of the statute, and the offense might then be predicated upon the subsequent act of sexual intercourse in March, accomplished then for the first time, according to her statement, with her consent, and induced by promise of marriage.—*Pope v. State,* 137 Ala. 56, 59, 34 South. 840. Under the facts in this case the question was one for the jury, and the case is distinguishable from those cases where it is held to be error to allow the person alleged to have been seduced to testify to subsequent and continuing acts of sexual intercourse with the defendant after she had unequivocally testified to such an act with her consent, induced by promise of marriage, or other means designated by statute. In such a case the state may be held to an election; but not so under the facts as presented in the instant case, where the state had offered no positive evidence, prior to the wrongful act in March, identifying the act as one of seduction constituting the offense for which the defendant was being tried.

There was no error in allowing a visual inspection of the child by the jury, or in permitting the prosecuting witness to testify that the defendant was the father of her child.—*Kelly v. State,* 133 Ala. 195, 32 South. 56, 91 Am. St. Rep. 25; *State v. Horton,* 100 N. C. 443, 6 S. E. 238, 6 Am. St. Rep. 613.

The testimony of the mother of the prosecuting witness that the defendant visited her daughter, and that she had seen her (prosecutrix) wearing the ring that the defendant admitted having given to her, and what the defendant said to her (the mother) about his engage-

[Watts v. The State.]

ment to the daughter, was relevant, and properly admitted in evidence.

Other rulings on the evidence to which exceptions were reserved are clearly without error.

The evidence before the court was amply sufficient to justify a finding of guilt, and the general charge requested in writing by the defendant was properly refused.

Charge 2 is patently bad.

Charges 3, 4, 5, 6, 7, 8, 14, and 15 are instructions to the effect that there is no evidence of certain facts before the jury, or that certain facts are no evidence of some other fact or matter. The court cannot be put in error for refusing charges instructing the jury that there is or is not evidence of certain facts.—*Hall v. State,* 156 Ala. 3, 46 South. 864; *Western Steel Car & Foundry Co. v. Cunningham,* 158 Ala. 369, 48 South. 109; *So. Ry. Co. v. Hobson,* 4 Ala. App. 408, 58 South. 751; *N. C. & St. L. R. R. Co. v. Hinds,* 5 Ala. App. 596, 59 South. 670.

Charge 9 is covered by given charges 10 and 12.

Charge 10 invades the province of the jury.

Charges 11 and 12 are erroneous, in that they each require the court to charge the jury what their duty is with respect to a consideration of a part of the testimony. They also single out a part of the evidence for special consideration. A charge which singles out part of the evidence, and instructs that an acquittal should be had upon a consideration of the evidence specially referred to in connection with the other evidence in the case, is bad.—*Hosey v. State,* 5 Ala. App. 1, 59 South. 549.

Charge 13 is patently bad, as the bill of exceptions states that all questions of venue were admitted.

Charge 16 is covered by given charges 9, 23, and 24.

[Cleghorn v. The State.]

Charge 17 invades the province of the jury. The correct propositions contained in this charge are covered by the given charges.

Charge 18 as set out is faulty in construction, and unintelligible.

The charges given at the request of the state as referred to the evidence are correct statements of the law, and there was no error committed in giving any of them. —*Cunningham v. State,* 73 Ala. 51; *Allen v. State,* 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867.

The case presented does not show reversible error, and an affirmance must follow.

Affirmed.