# Brantley *v.* The State.

### *Bastardy.*

(Decided June 3, 1914.   Rehearing denied June 20, 1914.
65 South.  678.)

1. *Bastardy; Complaint and Proof; Variance.*—The commencement of a prosecution for bastardy is permissible at any time between pregnancy and 12 months after the birth of the child (Sections 6364 and 6370, Code 1907) and hence the allegation that the child was born before the beginning of the prosecution is not fatally variant from proof that the child was born after the beginning of the prosecution, but before the complaint was filed.

2. *Same; Evidence; Intimate Relationship.*—The fact that the defendant was a suitor of the prosecutrix, was admissible in a bastardy proceedings, as any proof on an intimate relationship between them is competent.

3. *Same; Exhibits.*—A prosecutrix may testify that a defendant is the father of her child, and may exhibit the child to the jury.

4. *Same; Prior Intercourse.*—A prosecutrix may testify that she and the defendant had acts of intercourse for several months prior and up to the time of her pregnancy, and of the use by defendant of preventive measures to prevent conception.

5. *Same; Engagement.*—The fact that the defendant and the prosecutrix were engaged at the time of the intercourse resulting in pregnancy is relevant.

6. *Same; Acts of Defendant.*—It is competent to show that prosecutrix informed defendant of her pregnancy, he gave her a concoction, and told her how to use it, saying it would produce an abortion; it being immaterial whether it would do so or not, and its probative force lying in the admission of guilt to be inferred from his conduct.

7. *Same; Promise of Marriage.*—Unless the promise of marriage is accompanied by the condition that the prosecution cease and deter-

[Brantley v. The State.]

mine, which is an offer of compromise and settlement, the fact that the defendant promises to marry prosecutrix, either after the conception or the birth, is admissible.

8. *Same; Connection With Other Men.*—In showing connection between prosecutrix and other men, it must be confined, in evidence, to a time within which the child could have been conceived.

9. *Same; Evidence.*—In the absence of evidence tending to show that such other person was the father of the child, it was immaterial to show that prosecutrix endeavored to procure such other person to take her to a place for the purpose of giving birth to the child.

10. *Appeal and Error; Review; Objections Below.*—Where no objection was interposed that the evidence was a conclusion of the witness, the fact that it was a conclusion will not put the court in error for not excluding it.

11. *Same; Harmless Error; Evidence.*—Where evidence is subsequently ruled out and excluded from the consideration of the jury, the error, if any, in overruling objection thereto was rendered harmless.

12. *Same; Remarks of Counsel.*—Where the court charged the jury that there was no evidence of a certain thing stated by counsel, and directed them not to consider such statement, any error in declining to exclude such remarks when made, was rendered harmless.

13. *Trial; Offer of Evidence; Infiniteness.*—An offer to prove that at some time prior to April, 1913, some one from the plantation of O., either some member of the family of prosecutrix, or some servant thereof, went to Dr. R., a defendant's witness, and tried to get some medicine that would procude an abortion, is too indefinite and general, both as to time and persons, to render erroneous the sustaining of an objection to such question.

14. *Same; Reopening Case; Discretion.*—The refusal, after a defendant had closed his case, to permit him to cross-examine a witness called by the state in rebuttal, as to new matter and new issues, and thus to reopen the case, is within the discretion of the trial court, and will not be reviewed, unless abuse is shown.

15. *Charge of Court; Abstract Instructions.*—Where the court ruled out certain evidence, and directed the jury not to consider it at all, charges based upon such evidence become abstract, and are properly refused.

16. *Same; Assuming Facts.*—Charges assuming fact about which there is no evidence at all, are properly refused.

17. *Appeal and Error; Assignments; Bastardy.*—It being necessary to assign error in a bastardy proceedings, on appeal, errors not assigned will not be considered; or if assigned and not insisted on will be deemed to have been waived.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Charlie Brantley was found guilty of bastardy, and he appeals. Affirmed.

10 CA

[Brantley v. The State.]

The following charges were refused to the defendant:

(15) The court charges the jury that an offer of compromise is not an admission of guilt of the defendant in this case.

(16) The court charges the jury that they have no right to look to the fact that defendant agreed to marry relator or prosecutrix in consideration of her dismissing the suit and foregoing any further prosecution against him, as constituting any evidence against him of his guilt; he had a right to buy his peace without in any manner admitting his guilt, and the jury has no right to put such a construction on this proof.

(8) The court charges the jury that acts of the prosecutrix inconsistent with her testimony that the defendant is the father of the child, such as the preparation for another man to take her to another place until the birth of the child, is a circumstance which the jury may consider in determining the guilt or innocence of the defendant.

FRANK L. STONE, and BARNETT & BUGG, for appellant. The court erred in permitting the witness to state that defendant had been a suitor of hers, and as to how long he had been going to see her.—*Carney v. State,* 79 Ala. 14. Evidence relative to the engagement was also inadmissible.—*Kelly v. State,* 133 Ala. 195; 5 Cyc. 663. The court erred in admitting the other evidence excepted to. —1 Current Law, 330; *Kelly v. State, supra;* 5 Cyc. 659, 661. The court should have given charge 15 requested by defendant; also charge 16.—*Martin v. State,* 62 Ala. 119; *Wilson v. State,* 73 Ala. 527; *Snyder v. State,* 40 South. 978; 5 Cyc. 667. There was a variance between the complaint and the proof, and defendant was entitled to the affirmative charge.—*Browder v. Irby,* 112 Ala. 380; *Ins. Co. v. Tillis,* 110 Ala. 201.

[Brantley v. The State.]

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—This was a prosecution for bastardy, and was commenced by affidavit and warrant before a justice of the peace before the child was delivered, during the pregnancy of prosecutrix, and defendant was then bound over to the circuit court. Between the time of such binding over and the trial in the circuit court the child was born. The complaint filed by the solicitor in the circuit court, after alleging that the prosecutrix was an unmarried woman, and that defendant was the father of her bastard child, and that she had been delivered of such child, alleged that the delivery was before the commencement of the prosecution. At the conclusion of the evidence, the defendant, on account of the variance between the allegation of the complaint and the proof, as to the time when the child was born, requested the general affirmative charge, the refusal of the court to give which is assigned here as one of the grounds of error. We are not of opinion, under the conditions of the record here, that the variance was a material one. A prosecution for bastardy may be commenced either before the child is born (so soon as the woman is pregnant), or within 12 months after it is born.—Code, §§ 6364, 6370. The one here, as seen, was commenced before the birth, thereby making it immaterial when the child should be born. The complaint of the solicitor, filed after the child was born, was grounded upon this prosecution so commenced before the child was born; and, while this complaint properly alleged the birth of the child, which was the fact at the time the complaint was filed, yet it was not material, as seen, to the offense to show that the birth happened before the prosecution was commenced. Hence the court did not err in refusing the affirmative charge requested by defendant.

Evidence showing any intimacy of relationship between prosecutrix and defendant is admissible in bastardy proceedings.—*Miller v. State,* 110 Ala. 674, 19 South. 191. Here the court permitted the prosecutrix to testify that the defendant was "a suitor" of hers. Such fact was material, but the statement of it by the witness was a mere conclusion, as was held in *Carney v. State,* 79 Ala. 14, and objectionable as such. No ground of the defendant's objection, however, suggested this point, and the court will not be put in error for overruling the objection.—*Washington v. State,* 106 Ala. 58, 17 South. 546; *Smith v. State,* 118 Ala. 117, 24 South. 55.

It was entirely competent for the prosecutrix to testify that the defendant was the father of her child and to exhibit the child to the jury.—*Kelly v. State,* 133 Ala. 195, 32 South. 56, 91 Am. St. Rep. 25; *Watts v. State,* 8 Ala. App. 264, 63 South. 18.

The prosecution, in its proof of acts of intercourse between prosecutrix and defendant, is not confined to only such acts as happened within nine months before the birth of the child; consequently the court did not err in permitting prosecutrix to testify to her relations of this sort with defendant for several months continuously up to the time of her pregnancy and as to the use by defendant up to that time of preventives against conception.—3 Am. & Eng. Ency. Law (2d Ed.) 887.

The fact that prosecutrix and defendant were engaged at the time of the alleged intercourse was also relevant. —*Watts v. State,* 8 Ala. App. 264, 63 South. 18.

It was likewise relevant to show that, after conception, prosecutrix informed defendant of the fact and that he gave her a bottle containing a concoction labeled "Ergoapiol" and directed her to take it, saying it would produce abortion. Whether it would or not is immaterial; the probative force of the evidence lies in the admis-

sion of guilt to be inferred from defendant's conduct and efforts in trying to get rid of the child.—*Nicholson v. State,* 72 Ala. 176.

The defendant, for the purpose of rebutting the testimony of prosecutrix to the effect that this bottle of Ergoapiol was brought to her by defendant, which he denied, offered to prove that:

"At some time prior to April, 1913, some one from Mr. Owen's plantation, either some member of prosecutrix's family or some servant thereof, went to defendant's witness, Dr. Roberts, and tried to get some medicine that would produce abortion."

The court will not be put in error for sustaining the objection of the solicitor to the question that sought to elicit such an answer. It was entirely too general and indefinite, both as to time and as to persons.

It is competent to prove in a bastardy case that after the conception or after the birth of the child the defendant promised to marry prosecutrix, unless such promise is accompanied by a condition that the prosecution be abandoned, in which latter case it is an offer of compromise and not admissible in evidence.—*Martin v. State,* 62 Ala. 119; *Laney v. State,* 109 Ala. 34, 19 South. 531. There was no such condition attached to the promises and offers of marriage proved by the state in this case; hence they were competent evidence.—*Laney v. State, supra.* However, it affirmatively appears from the record here that the court subsequently ruled out and excluded from the consideration of the jury all the evidence introduced by the state relating to such promises and offers; consequently there was no injury, even if there was error, in the action of the court either in originally overruling defendant's objection to such evidence or in refusing to give written charges 15 and 16, requested by him with reference to such evidence. After such evi-

dence had been ruled out by the court, there ceased to be any on that subject before the jury, and the charges mentioned were therefore abstract, if not otherwise faulty.

The court sustained the state's objection to the following question propounded by defendant to prosecutrix on cross-examination :

"State whether or not you had any conversation with Jim Owens at your home on the first Saturday night in April, 1913, in which you stated you wanted him to take you to Laurel, Miss., for the purpose of giving birth to a child."

The question deals with no matter brought out on direct examination, nor does it appear how an answer to it, either affirmative or negative, would tend in any wise to impeach or discredit the witness as to any fact to which he had testified, or how it would shed light on any issue of fact before the jury. Neither at the time the question was asked nor afterwards was there any evidence tending to show that Jim Owens was the father of the bastard child, or that he had ever at any time had intercourse with prosecutrix, or that she had ever accused him of being the father of her child. It does not appear what answer the witness would have made to the question, but, even assuming that it would have been an affirmative one, the mere fact that prosecutrix applied to Jim Owens and wanted him to take her to Laurel, Miss., "for the purpose of giving birth to a child" implies no accusation of him by prosecutrix. It may well be, entirely consistent with her testimony, that in her sad plight, after defendant had cast her off and refused to protect her by marrying her, she revealed her condition to Jim Owens, who from the identity of their surnames we infer to be a relative, and begged him to aid her in hiding her shame from her relatives and friends by taking her to Laurel, Miss., to give birth to the child. In

the absence of any evidence in the record tending to connect Jim Owens with the commission of the offense, we hold that the question called for irrelevant and immaterial matter, and that the court properly sustained the objection to it.

Likewise the court did not err in sustaining the state's objection to the following question propounded by defendant to prosecutrix:

"Did or not Jim Owens go to your father's home on the first Saturday night in April, 1913, and take you out of the back window and carry you to a negro church about a mile from your house, where you met one Ed Wright?"

The prosecutrix, at the time inquired about in this question, was some five months pregnant, and, even assuming that she then went to such church, and that she then actually had intercourse with Ed Wright, it would be entirely immaterial. Defendant, in showing her intercourse with other men, must confine the evidence to a period of time within which, according to the accepted rules of medical jurisprudence, the child could have been conceived.—3 Am. & Eng. Ency. Law (2d Ed.) 883; *Kelly v. State,* 133 Ala. 195, 32 South. 56, 91 Am. St. Rep. 25.

Nor will the court be put in error for sustaining the state's objection to the question propounded by defendant, on cross-examination, to the state's witness Ed Wright, who was introduced by the state in rebuttal, after the defendant had closed his case. The question sought to elicit entirely new matter, and to introduce new issues. For the court to have permitted the defendant to prove that he offered to prove by the witness as a response to the question would in effect have been to reopen the case. The defendant had no legal right to require that this be done—it was merely a matter resting

within the discretion of the trial court, and its action will not be disturbed.—*Morrissett v. Wood*, 123 Ala. 385, 26 South. 307, 82 Am. St. Rep. 127.

Any error that the court may have committed in overruling, at the time it was made, the defendant's motion to exclude from the consideration of the jury certain remarks of the state's counsel to the effect that defendant had given prosecutrix a ring was subsequently cured by the action of the court in charging the jury that there was no evidence to that effect, and that, in making up their verdict, they must not consider the statement of the state's counsel relative thereto.

Charge 14, the refusal of the court to give which is assigned as one of the grounds of error, is not insisted upon or even mentioned in the brief of appellant's counsel. In bastardy cases, it is as necessary to assign error as in civil cases (*Williams v. State*, 117 Ala. 199, 23 South. 42) ; and, consequently, as in civil cases, error assigned, but not insisted upon in brief, is deemed to have been waived.

Charge No. 8 was properly refused for two reasons: First, because the fact, if it be a fact, as stated in the charge, that prosecutrix endeavored to get another man to take her out of the community to give birth to the child is not, as asserted in the charge, necessarily inconsistent with the defendant's being the father of the child; second, because the charge assumes as true that fact, of which there is not even any evidence.

What we have already said sufficiently indicates the reasons of our opinion that there is no merit in the other assignments of error as to save the necessity for further discussion.

The judgment of conviction is affirmed.

Affirmed.