## BEMBO v. STATE.   (4 Div. 965.)

(Court of Appeals of Alabama.   Nov. 25, 1924. Rehearing Denied Dec. 16, 1924.)

1. Bastards ⬅54—Burden of proof on state.

In bastardy prosecution, the burden is on the state to reasonably satisfy the jury that acts of illicit intercourse between prosecutrix and defendant occurred about the probable date of conception.

2. Bastards ⬅70—Evidence held sufficient for submission of case to jury.

In bastardy prosecution, evidence of prosecutrix that she was a single woman; that defendant had sexual intercourse with her 10 or 12 times, but that she could not fix dates or places; that he was the only man who had had intercourse with her, and was the father of the bastard child, held sufficient for submission to jury of whether defendant was the father.

3. Bastards ⬅62—Testimony of prosecutrix as to intercourse with defendant held admissible.

In bastardy prosecution, court did not err in allowing prosecutrix to answer questions, "Had you sexual intercourse with him prior to the birth of that child?" and "That intercourse took place in Covington county?"

4. Bastards ⬅63—Profert of child to show resemblance to defendant, competent.

In bastardy prosecution, it was competent for the state to make profert of the bastard child to the jury to show its resemblance to the putative father.

5. Bastards ⬅59—Evidence prosecutrix asked witness to go into woods with boys held inadmissible.

In bastardy prosecution, testimony of defendant's witness that prosecutrix asked witness during certain month to go with her (prosecutrix) and two boys to the woods, held inadmissible in absence of showing that prosecutrix did in fact go with the boys, or associated intimately with any man or men at such time.

6. Names ⬅16(2)—No variance between affidavit and proof of name.

There was no variance between affidavit signed "ALSBa X̲ Gilmore," and proof that
(her, mark) name of prosecutrix was "Alsba Gilmore."

**7. Criminal law ⊚⇒753(2) — Conflicting evidence for jury.**

Where there was a conflict in the evidence, and there was ample evidence to justify jury in finding the issue in favor of the state, it was not error to refuse the general affirmative charge for the defendant.

### On Rehearing

**8. Bastards ⊚⇒65—Testimony of prosecutrix held sufficient.**

In bastardy prosecution, in which prosecutrix testified that defendant had had intercourse with her 10 or 12 times, but that she was unable to fix the dates or places, her testimony that defendant was the father of the child was sufficient, if believed by the jury, to show that the acts of intercourse referred to occurred within the period of gestation.

Appeal from Circuit Court, Covington County; A. R. Powell, Special Judge.

Byrd Bembo was convicted of bastardy, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Bembo, 212 Ala. 406, 102 So. 787.

E. O. Baldwin, of Andalusia, for appellant.

It is immaterial whether defendant had sexual intercourse with prosecutrix, unless it was shown to be within the time of possible conception. Shows v. Solomon, 91 Ala. 390, 8 So. 713. The defendant was entitled to any evidence of association by the prosecutrix with other men, particularly about the date of conception. Kelley v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The prosecution was commenced by affidavit made by Alsba Gilmore before L. J. Salter, a justice of the peace, charging that she was a single woman, the mother of a bastard child, and that the defendant (appellant) was the father of the child. Upon hearing the defendant was held in bond to the circuit court, and there tried, and found by a jury to be the father of the bastard child. Defendant was required to give the statutory bond as provided by section 6376, Code 1907.

[1, 2] The burden is upon the state to reasonably satisfy the jury by the evidence that the acts of illicit intercourse by the defendant occurred about the probable date of conception. Evidence of the prosecutrix that she was a single woman, that the defendant had sexual intercourse with her 10 or 12 times, but that she could not fix the dates or places, and that he was the only man who had intercourse with her, and that he was the father of the bastard child which was born in Covington county, justified the court in submitting to the jury for its determination the question as to whether or not the defendant was the father of the bastard child.

[3] The court did not err in allowing the questions, "You had sexual intercourse with him prior to the birth of that child?" and "That intercourse took place in Covington county?"

[4, 5] It was competent for the state to make profert of the bastard child before the jury to show its resemblance to the putative father. Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25; Brantley v. State, 11 Ala. App. 144, 65 So. 678. The showing offered by the defendant for the witness, Mrs. Clara King, was that prosecutrix asked her during June, 1922, to go with her (prosecutrix) and two boys to the woods. The evidence offered failed to show that prosecutrix went to the woods with the boys, or associated intimately with any man or men at that time, and was therefore immaterial to any issue in the case, and the court did not err in sustaining objection to it.

[6] The affidavit is signed "ALSBa X Gilmore" (her mark). The proof was that the name of the prosecutrix was Alsba Gilmore. There was no variance in the allegata and probata. Ward v. State, 28 Ala. 53, 1 Mayf. Dig. par. 3, p. 855.

[7] There was a conflict in the evidence, there was ample evidence to justify the jury in finding the issue in favor of the state, and it was not error to refuse the general affirmative charge for the defendant.

The judgment of the circuit court is affirmed.

Affirmed.

### On Rehearing.

[8] The prosecutrix testified that the defendant was the father of the bastard child, and that he had intercourse with her in Covington county before the birth of the child. The statement that the defendant was the father of the child was sufficient, if believed by the jury, to show the acts of intercourse referred to occurred within the period of gestation.

The application for rehearing is overruled.