(109 So. 369)

### SWINDLE v. STATE. (6 Div. 973.)

(Court of Appeals of Alabama. June 8, 1926.
Rehearing Denied June 29, 1926.)

**1. Bastards ☞75.**

Judgment entry reciting that issue was submitted to jury, which found defendant to be father of bastard child in question, *held* to show that court caused issue to be made up.

**2. Witnesses ☞379(9).**

Defendant can cross-examine prosecutrix in bastardy proceeding, relative to her testimony before committing magistrate, to lay foundation for impeachment.

**3. Bastards ☞92.**

Error in sustaining objection to cross-examination of prosecutrix as to her testimony before committing magistrate *held* cured by introduction, without objection, of all of her testimony at such trial.

**4. Bastards ☞57.**

Prosecutrix may testify that accused was father of her child.

**5. Bastards ☞60—Prosecutrix may relate conversation with defendant relative to his offers concerning abortion.**

Prosecutrix may relate conversation with defendant relative to his offer to send her to hospital for purpose of abortion, and that he supplied her with medicine and advised her to take it to accomplish such purpose.

**6. Bastards ☞59.**

Relationship between prosecutrix and another, whose name was mentioned at trial as mere incident, *held* irrelevant and immaterial; it not being an issue in case.

**7. Bastards ☞55.**

Best evidence of letter purported to have been written by prosecutrix to man other than defendant *held* to be the letter itself.

**8. Bastards ☞55—When mother of prosecutrix quit using scales on which baby was weighed held immaterial.**

When mother of prosecutrix quit using scales on which baby was weighed *held* immaterial, where there was no denial that child, of whom profert was made, belonged to prosecutrix.

**9. Bastards ☞55—Weight of baby held immaterial.**

Weight of baby *held* immaterial, where there was no denial that it belonged to prosecutrix.

**10. Bastards ☞52.**

Where defendant admitted intercourse with prosecutrix, and that child was born to her, only question is whether defendant is father of child.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bastardy proceeding by the State against Murray Swindle. From a judgment of conviction, he appeals. Affirmed.

Gray & Powell, of Jasper, for appellant.

Counsel argue the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

There was no error in rulings on evidence. Bembo v. State, 20 Ala. App. 406, 102 So. 786; Brantley v. State, 11 Ala. App. 148, 65 So. 678; Miller v State, 110 Ala. 85, 20 So. 392. As to measure of proof, see State v. Hunter, 67 Ala. 81; Benners v State, 124 Ala. 97, 26 So. 942.

BRICKEN, P. J. This is a proceeding in bastardy. The real issue involved upon the trial of this case was whether or not appellant was the father of the bastard child of prosecutrix, Martha Staggs. It was shown without conflict that said Martha Staggs was a single woman, and that she was delivered of a child in Walker county.

[1] The judgment entry refutes the insistence contained in appellant's brief (proposition X, assignment of error 16) to the effect that the trial court failed to cause an issue to be made up between the state of Alabama and the defendant. The judgment entry recites:

"Comes the state of Alabama by its solicitor, comes also the defendant in his own proper person and by attorney. The issue in this case is made up and submitted to the jury. Issue being joined thereon comes a jury of good and lawful men, * * * who, having been impaneled, duly sworn, and charged according to law, on their oaths do say: 'We, the jury, find that the defendant is the father of the bastard child in question,'" etc.

This meets the necessary requirements of the statute, and there is no merit in appellant's insistence to the contrary.

[2, 3] The only error we note in the rulings of the court is sustaining the state's objection to questions propounded to the prosecutrix on cross-examination relative to her testimony before the committing magistrate. These objections should have been overruled, for it is elementary that the defendant had the right, under the simplest rules of evidence, to lay a predicate to this witness seeking to impeach her by showing that upon her former examination she had sworn differently from the testimony given by her on this trial. If this matter had been permitted to rest here, this cause would have had to be reversed upon these rulings of the court. But the errors in these rulings were cured by the defendant when without objection he was allowed to introduce in evidence upon this trial all of the testimony given by said witness upon the former trial, and it follows, if there was conflict in her testimony on the two

trials, as contended by appellant, the jury had the benefit of this by the introduction by defendant of the first testimony of this witness. The errors above mentioned were thus cured, and the defendant suffered no injury as a result of the rulings complained of.

This case presented a clear-cut issue of fact for the determination of the jury.

[4] There was no error in permitting the prosecutrix to testify that the accused was the father of her child. Brantley v. State, 11 Ala. App. 144, 148, 65 So. 678.

[5] There was no error in allowing witness Martha Staggs to relate conversation between defendant and herself relative to his offer to send her to a hospital for the purpose of abortion, also that he supplied her with medicine and advised her to take it to accomplish this purpose.

[6] The relationship of Lucile Staggs to prosecutrix was not an issue in this case, and was therefore irrelevant and immaterial. No question was involved as to the identity of Lucile Staggs, the mention of whose name in the evidence was a mere incident of the trial.

[7] The rulings of the court relative to a letter purported to have been written by prosecutrix to one Floyd Hatcher, the questions on this subject being propounded to witnesses Lovett Walton and Thomas Worthington, were without error. The best evidence of such letter, if it existed, was the letter itself. No proper predicate for secondary evidence in connection therewith was laid. Moreover, said witnesses were not shown to have been qualified to testify as to the handwriting of prosecutrix, or otherwise competent to identify the letter in question.

[8-10] It was immaterial when Mrs. Mary Staggs, mother of prosecutrix, "quit using the scales on which the baby in question was weighed." Nor was it material as to what the baby did weigh, as there was no controversy that the child, of whom profert was made, was that of the prosecutrix. Defendant admitted having intercourse with prosecutrix, and it was without dispute that a child was born unto her; therefore, as stated, the only question involved upon this trial was whether or not this defendant was the father of said child. The jury so found, and there was ample testimony to sustain them in their verdict.

The objections urged to the sufficiency of the judgment are without merit. The statute governs and controls the disbursement of all moneys accruing under the terms or provisions of the judgment.

The court properly charged the jury as to the measure of proof in this case; therefore the exception reserved to the oral charge of the court is not well taken.

There is no reversible error, and the judgment of conviction appealed from is affirmed.

Affirmed.