(117 So. 609)

**NARRELL v. STATE.** (8 Div. 629.)

Court of Appeals of Alabama. June 12, 1928.

Rehearing Denied June 30, 1928.

Street, Bradford & Street, of Guntersville, for appellant.

We have searched the record diligently for error, and finding none, the judgment must be and is affirmed.

Affirmed.

(117 So. 605)

**LAWLER v. STATE.  (8 Div. 729.)**

Court of Appeals of Alabama.  June 30, 1928.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.  This is a bastardy proceeding, wherein appellant was found by the jury trying the case guilty of being the father of the illegitimate child of Jessie Sweat, herself but an unmarried girl child of the age of 12 years.

Able counsel for appellant have furnished us with a brief evincing much industry and painstaking effort by them in an endeavor to show that error, prejudicial to appellant's rights, was committed by the court of the trial below.

We have read the entire evidence carefully and while it seems that we never would have reached the conclusion that the jury did, yet the issues were so clearly defined and the evidence so fairly submitted to the jury that we can see no justification for an interference with their finding by either the trial court or this court.  It cannot be said that the verdict returned is without support by the evidence.

Profert of the child was admissible not alone for the purpose of showing the necessary facts of intercourse, pregnancy, and birth, but as well as to show the child's resemblance to the putative father.  Bembo v. State, 20 Ala. App. 406, 102 So. 786; Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25.  The child being in evidence, for the purposes mentioned, we can see no impropriety in the portion of the argument of the solicitor, to which objection was made, and motion to exclude which was overruled.  Authorities, supra.

Appellant was allowed to show by the witness Robert Sweat, the father of prosecutrix, on cross-examination, that he and appellant "had a few words recently before the baby was born."  He cannot complain that he was denied the opportunity of bringing out from this witness the details of the difficulty thus indicated.  We think, though, that in any event the ruling of the court suggested was harmless to him, since he was permitted to show by other witnesses (and it was not disputed) just what took place between him and the said Sweat upon the occasion referred to.

The other rulings upon the taking of testimony whch are presented for our consideration involve only minor principles of law, and are obviously correct.  No detailed mention of them will be made.