MADDOX, Justice.
A putative father appeals a jury’s finding that he was the father of a child born to the prosecutrix. His principal claim for error is that the mother was allowed to state that, in her opinion, he was the father of her child. We find no error here.
The mother of the child testified that she had intercourse with the putative father on one occasion during November, 1974, that this was the first time she had ever had intercourse, and as of the date of trial, she had never had intercourse with anyone other than the putative father.
The alleged father claims that in a paternity proceeding, a mother should not be permitted to testify that any particular person is the father of her child, citing State v. Giles, 41 Ala.App. 363, 133 So.2d 62 (1961). Admittedly, Giles does question some earlier opinions which permitted a mother to state who she thought was the father of her child. But the question of the permissibility of such testimony was unnecessary to a decision in Giles, and we reject it. In Bembo v. State, 20 Ala.App. 406, 102 So. 786 (1924), cert. den. 212 Ala. 406, 102 So. 787 (1925), the facts were very similar to this case and the court not only found that the mother’s opinion was admissible, but sufficient to prove an essential element in the proceeding. The court, on rehearing, noted:
“The prosecutrix testified that the defendant was the father of the bastard child, and that he had intercourse with her in Covington County before the birth of the child. The statement that the defendant was the father of the child was sufficient, if believed by the jury, to show the acts of intercourse referred to occurred within the period of gestation.”
Any attempt to reconcile the cases which involve the so-called Opinion Rule would be fruitless. They have constructed a “jurisprudential mare’s nest.” Daniell v. State, 37 Ala.App. 559, 73 So.2d 370 (1954), cert. den. 261 Ala. 145, 73 So.2d 375 (1954). Consequently, we will not add yet more confusion by trying to harmonize the cases which apply the rule. Suffice it to say that it has caused problems enough, not only for judges, but also for legal writers. See Wigmore, Vol. VII, 3rd Ed., §§ 1917, 1918; McElroy’s Alabama Evidence, 3rd Ed. § 127.01(2).
One thing we can say. There certainly was no error to allow the mother to state who, in her opinion, was the father of the child in this case.
AFFIRMED.
TORBERT, C. J., and SHORES, J., concur.
JONES and BEATTY, JJ., concur specially-