# White v. The State.

*Indictment for Living in Adultery or Fornication.*

1. *Motion to quash indictment.*—A motion to quash an indictment is, generally, addressed to the sound discretion of the court, and its refusal is not revisable on error or appeal; and if there be exceptions to this general rule, the record in this case does not present one, the motion to quash being founded on the failure of the clerk to mark the indictment filed, as ordered by the court.

2. *General verdict, under indictment charging offense in alternative.* Where the indictment charges the offense in the alternative—as, living in adultery or fornication—the jury can not be required, by instructions on the part of the court, to specify in their verdict the alternative on which it is founded.

[White v. The State.]

3. *Adultery; constituents of offense.*—To authorize a conviction for living in adultery, it is not necessary that both of the parties should be married.

4. *Same; proof of defendant's sex.*—In determining the sex of the defendant, he being personally present in court, the jury may look at his dress and general appearance, in connection with all the evidence in the case; and the court may properly instruct them to that effect, when requested to charge that they "can only look to the sworn statements of the witnesses in determining whether the defendant is a man."

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JAS. E. COBB.

The indictment in this case, which was found at the Spring term, 1883, charged, "that John White, a white man, and Emma Danby, a negro woman, did live together in a state of adultery or fornication." A *nolle pros.* was entered as to the woman; and the defendant White, "before pleading to the indictment," as the bill of exceptions states, "moved the court to quash said indictment, because it was not indorsed *filed,* and because it did not appear that the same was returned into open court by the foreman of the grand jury, as required by law, and filed by the clerk as required by law. Thereupon, before passing on this motion, the court heard evidence touching the matter in issue; and it was proved by the sworn statements of the clerk of the court, and the clerk of the grand jury by whom the indictment purports to have been found, that at the last term of this court, when said indictment purports to have been found, said indictment was then found by the grand jury sitting for said county, and presented to the presiding judge, in open court, by the foreman of the grand jury, in the presence of at least fifteen other grand jurors, and was handed by the presiding judge, in open court, and in the presence of said grand jurors, to the clerk of the court, with orders to file the same; that the said indictment has been held by the clerk ever since he so received it, with other indictments in his office, and that he failed by an oversight to mark the same filed. On this proof being made, the court ordered the clerk to mark the indictment as filed at the last term, and, said indorsement being made, then overruled the defendant's motion to quash;" to which action and ruling of the court, both in receiving said evidence, and in overruling said motion, the defendant duly excepted.

The defendant then pleaded not guilty, and issue was joined on that plea. "On the trial," as the bill of exceptions states, "the evidence showed that, before and during the time when, as the evidence tended to show, the defendant and said Emma lived together, the defendant was a married man, and the said Emma was an unmarried woman; and that he was still a married man, and she an unmarried woman. The defendant asked the court, in writing, to charge the jury as follows:" 1. "The

[White v. The State.]

jury can only look at the sworn statements of the witnesses, in determining whether the defendant is a man; and if the jury are not satisfied, from the sworn statements of all the witnesses examined in the cause, they must find the defendant not guilty." The court refused to give this charge, and instructed them "that the jury could look at the defendant, in connection with all the evidence in the case, to determine whether the sex of the defendant was male or female." To the refusal of the charge asked, and to the charge thus given, the defendant excepted.

The defendant also asked the following charges, which were in writing: 2. "The jury must be satisfied from the evidence, beyond all reasonable doubt, that both John White and Emma Danby were unmarried persons at the time of the alleged offense, before they can convict the defendant of fornication." 3. "Before the defendant can be convicted of living in adultery or fornication with Emma Danby, the proof must show, beyond all reasonable doubt, that one of the parties was a married man and the other a married woman, or that one was an unmarried man and the other an unmarried woman." 4. "It devolves upon the State to produce evidence sufficient to satisfy the jury, beyond all reasonable doubt, whether the defendant was, at the time of the alleged offense, a married or an unmarried man; and unless the State has done so, the jury must find the defendant not guilty." 5. "The jury must be satisfied from the evidence, beyond all reasonable doubt, which relation the defendant was in at the time of the alleged offense, that of a married person or an unmarried person." 6. "Before the jury can convict the defendant of living in a state of adultery with Emma Danby, the proof must show beyond all reasonable doubt that one of the parties was a married man and the other a married woman." The court refused each of these charges, and the defendant duly excepted to their refusal.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—1. There was no error in the action of the Circuit Court in refusing to quash the indictment upon the motion of the appellant. The entertaining of a motion to quash is, as a general rule, in the sound discretion of the lower court, and not revisable by this court on appeal.—*State v. Jones*, 5 Ala. 666. In *Nixon v. State*, 68 Ala. 535, it was left undecided by the court, whether or not there might be cases in which a refusal to quash an indictment upon motion would be revisable; but we are clearly of opinion that the present is not such a case.

2. The second, third, fourth and fifth charges requested by the appellant, were properly refused by the court. The effect

[Peterson v. The State.]

of these charges would have been, to compel the jury to make a special finding as to which of the two offenses, adultery or fornication, they elected to convict the defendant.—*Kilgore v. State*, and *Jackson v. State*, at present term; *ante*, pp. 1, 26.

3. The sixth charge requested by the appellant was properly refused. It states the erroneous proposition, that for either of the parties to be guilty of adultery, both must be married. Adultery is "the illicit intercourse of two persons of different sexes, where either is married."—Clark's Crim. Law, § 1544; *Hinton v. State*, 6 Ala. 864.

4. The first charge requested by the appellant is as follows: "The jury can only look to the sworn statements of the witnesses, in determining whether the defendant is a man; and if the jury are not satisfied from the sworn statements of all the witnesses examined in this case, they must find the defendant not guilty." The court refused to give the charge, but instructed the jury, that they "could look at the defendant, in connection with all the evidence in the case, in determining whether the sex of the defendant was male or female." We are of opinion that there was no error in this action of the Circuit Court. The defendant was present in court; and it was clearly competent for the jury to draw the inference from his dress and general appearance that he was of the male sex. This species of evidence is said by Mr. Wharton to be one of the "most effective modes of conviction."—Wharton's Crim. Ev. §§ 311 *et seq.*

We find no error in the record, and the judgment must be affirmed.