(96 South. 605)

## Ex parte STATE ex rel. ATTORNEY GENERAL.

## WHATLEY v. STATE.

### (5 Div. 838.)

(Supreme Court of Alabama. Dec. 14, 1922.)

1. **Criminal law** ⟬⟭351(10)—Letter of accused, threatening prosecutrix, held admissible.

In seduction trial, a letter from accused, threatening prosecutrix if she appeared in court against him, dated and delivered about 18 months after the seduction charged, *held* admissible as an attempt of accused to suppress evidence against him.

2. **Criminal law** ⟬⟭404(1)—Profert of child in seduction case held proper.

In seduction trial, where mother of prosecutrix testified that the baby she then had in her arms was the child of her daughter, and then the witness, on the solicitor's direction, was allowed to stand in front of the jury with the child in her arms, *held*, that nothing was done beyond a proper profert of the child in evidence.

Certiorari to Court of Appeals.

Leslie Whatley was convicted of an offense, and appealed to the Court of Appeals. The judgment of conviction being by that court reversed, and the cause remanded, the State, on the relation of its Attorney General, petitions the Supreme Court for writ of certiorari to the Court of Appeals to review and revise the judgment of reversal there entered. 97 South. 121. Certiorari granted, judgment reversed, and cause remanded.

See, also, 208 Ala. 68, 93 South. 599.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

The letter was admissible as evidence to show the accused attempted to prevent evidence against him. Underhill on Crim. Ev. (2d. Ed.) 227. Interpretations of paper writings are questions of law, and whether the letter in question contained criminating matter was a question of law for the court, and a ruling by the Court of Appeals on the point is a question of law. 88 Ala. 208, 7 South. 259. If the letter had contained nothing of a criminative character, but was in the nature of a vehement denial, admission of it would, if error, have been without injury. 4 Mich. Ala. Dig. 571.

E. H. Glenn, of Opelika, opposed.

Brief of counsel did not reach the Reporter.

PER CURIAM. [1, 2] This is the second application for the writ of certiorari to review the judgment and opinion of the Court of Appeals in this case.

Defendant, Whatley, was on trial under an indictment charging seduction. It appears from the undisputed record that the trial court admitted in evidence against the defendant and over his objection a letter, written by defendant and delivered through the mail, to the main witness for the prosecution, the woman in the case, in words as follows:

"Dear Sybil: I told you, if you told I was the daddy of your baby, that I would kill you, if you come to court against me. I will see you there. From Leslie Whatley."

This letter was dated and delivered about 18 months after the date of the seduction charged. The trial court committed no error in its ruling.

The act of defendant in sending this letter to the state's witness constituted an attempt to suppress the evidence against him.

"All authorized attempts of a party to suppress the testimony of the other party are clearly admissible, and are evidence that in such party's own conviction his case will not bear full examination. They show a consciousness in such party of the weakness of his own cause." 1 Wigmore on Ev. § 278, where many cases are cited including our cases Liles v. State, 30 Ala. 24, 68 Am. Dec. 108, and Levison v. State, 54 Ala. 520.

"If it is shown that a person has attempted to * * * suppress evidence, such conduct may be justly construed as an indication of his consciousness that his case or defense is lacking in merit. And it is only another step to infer that his own belief is well founded." Jones on Ev. §§ 17, 287, where numerous cases are cited.

The mother of the chief prosecuting witness testified that the baby she then had in her arms was the child of her daughter, and then the witness, on the direction of the solicitor, was allowed to stand in front of the jury with the child in her arms. The court overruled defendant's objection that this presentation of the child to the jury tended to unduly prejudice the mind of the jury. The foregoing statement of the record is in complete accord with the facts stated in the opinion of the Court of Appeals. This court is of opinion that nothing was done in the trial court beyond a proper profert of the child in evidence, and hence that there was not, so far as the record shows, any appeal to passion or prejudice. There was then no error in the trial court's ruling on this point.

Certiorari granted. Judgment of the Court of Appeals reversed, and cause remanded for further proceedings in accordance herewith.

All the Justices concur, except THOMAS, J., not sitting.

⟬⟭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes