(117 So. 504)

## TEEL v. STATE. (4 Div. 410.)

Court of Appeals of Alabama. April 10, 1928.

Rehearing Granted June 26, 1928.

Baldwin & Murphy, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

RICE, J. This is a bastardy proceeding, in which the appellant was tried, and found guilty of being the father of the bastard child of Abbie Acree, a single woman. We have carefully read the entire record, and so far as we can see, the prosecution was conducted in all respects in accordance with the statutes governing. The evidence on the part of the state and on the part of the appellant was in sharp conflict, but the issues in the case were submitted to the jury under correct instructions, and we discover no rulings upon the taking of testimony which were prejudicially erroneous.

A charge singling out any particular item of evidence upon which to base a verdict is never proper. Hence appellant's written requested charge No. 2 was refused without error.

The judgment appears to be legally correct and in proper form (Code 1923, § 3428), and is affirmed.

Affirmed.

### On Rehearing.

Whatever has been decided by the Supreme Court of our state is controlling law unto this court. Code of Ala. 1923, § 7318.

In the opinion in the case of Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25, the Supreme Court, speaking through Mr. Chief Justice McClellan, quoted and approved the following language:

"On an issue formed in a bastardy proceeding, it is doubtless competent for the defendant to prove that the child bears no likeness * * * to him, *or that it resembles some oth-*

*er person,* who had opportunities of illicit intercourse with the mother." (The italics are ours.)

The court speaking in the same manner, by way of elaborating upon the methods by which such proof could be made, proceeded to hold that it was proper to make profert of the child in question. Illustrations were given, for the purpose, we take it, of fortifying the holding, by analogy, and among the illustrations so given, and approved in the opinion, were the profert of the body of one claimed, in a prosecution of another person than said body, for the offense of miscegenation, to be a negro (Linton v. State, 88 Ala. 216, 7 So. 261); and one to show sex (White v. State, 74 Ala. 31); age, etc.

Studying this case upon appellant's application for rehearing, we have reached the conclusion that under the law as it was laid down in the Kelly Case, supra, and as it remains, so far as we are advised, appellant, evidence being before the jury that one Sid Smith had opportunities for illicit intercourse with the prosecutrix—to so denominate the mother of the child in the case—within the period of gestation, should have been permitted to make profert of the body of the said Sid Smith. If it was competent to make profert of the child to show its resemblance to appellant, and if appellant had the right to show that the child resembled some other person, the proposition not being an abstract one, as it was not by the evidence in this case, there seems no good reason for denying to appellant the privilege of making profert of the body of "the other person"—in this case, Sid Smith.

For the error in sustaining the state's objection to the making of profert of the body of Sid Smith, in this case, the former judgment of affirmance is set aside, and the judgment appealed from is reversed and the cause remanded.

Application for rehearing granted.

Reversed and remanded.