(122 So. 610)

WATKINS v. STATE. (4 Div. 422.)

Supreme Court of Alabama. April 25, 1929.

Charlie C. McCall, Atty. Gen., and Sollie & Sollie, of Ozark, for the State.

Lee & Tompkins, of Dothan, for appellee.

THOMAS, J. Under the rule obtaining in petitions for certiorari from the Court of Appeals to this Court, we may look to the original record for the ruling on evidence on which the reversal is rested:

"The state in rebuttal offered the profert of the baby. The defendant objected to the profert of the baby before the jury because it was incompetent, irrelevant and immaterial testimony, and as it was a case of seduction and not of bastardy, the profert of the baby was inadmissible for any purpose. The court overruled the defendant's objection and the defendant excepted. The profert of the baby was then made and the defendant again objected, assigning the same grounds of objection as he had previously assigned. The court overruled the defendant's objection and the defendant excepted."

 The paternity of the child was a material and competent inquiry, and embraced within the issues of fact being tried. 24 R. C. L. pp. 751, 752, p. 775, § 59. See, also, the rule in bastardy. 3 R. C. L. pp. 764–766; 40 A. L. R. 171, 172; 1 A. L. R. 623. The profert of the child in such criminal prosecutions is the rule in this jurisdiction. Whatley v. State, 209 Ala. 5, 96 So. 605; Teel v. State (Ala. App.) 117 So. 504;[1] Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25; Watts v. State, 8 Ala. App. 264, 63 So. 18; Tarver v. State, 17 Ala. App. 424, 85 So. 855.

 The evidence by way of the profert was not patently illegal, irrelevant, or immaterial in a prosecution for seduction. So much of the objection made, as we have indicated, as was general, presented no question for review. Circuit Court Rule 90 [33]; Code 1928, p. 1940. The objection as made, that it was incompetent, irrelevant, or immaterial, "as it was a case of seduction and not of bastardy," and that "the profert of the baby was inadmissible for any purpose," in effect limited and directed the attention of the court to the question of whether or not the profert of the baby in seduction cases was sanctioned under our law. Smith v. Bachus, 195 Ala. 8, 12, 70 So. 261; Birmingham R. L. & P. Co. v. Saxon, 179 Ala. 136, 59 So. 584; Southern Ry. Co. v. Gullatt, 158 Ala. 502, 48 So. 472.

 It is an old and frequent observation that bills of exceptions, where susceptible of two constructions, are construed against the exceptor, Patton v. Hayter, Johnson & Co., 15 Ala. 18; that the party appealing must affirmatively show error, Washington v. State, 106 Ala. 58, 61, 17 So. 546; and that the trial court is not required to cast about for tenable grounds of objection, Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Barfield v. Evans, 187 Ala. 579, 65 So. 928. Here the objector and exceptor direct the attention of the court to the sole inquiry whether or not, in a prosecution for seduction, a profert of the child was permissible. The answer by way of the ruling was against the defendant. That is to say, the best that can be said of appellant's bill of exceptions, as hereinabove set out, and as it illustrates the trial court's ruling, is that the objection made was that profert of the child was only permissible in bastardy, and not seduction, the case being tried. That objection did not extend to, but in fact excluded, the ground on which the Court of Appeals rested the reversal.

The trial court had only permitted the profert after the prima facie case was made out by the state. Had the objection not been limited as it was, and had it embraced or been rested upon the ground as stated by the Court of Appeals, if there was a lack of identity, that proof could have been then and there supplied. Under the objection made, the trial court had not attention directed to the insufficiency of the predicate for the profert of "the child."

The writ is granted.

All the Justices concur.

[1] 22 Ala. App. 535.