No. 86–1153. FBK REALTY CORP. *v.* CROTTY, COMMISSIONER, DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK. App. Div., Sup. Ct. N. Y., 1st Jud. Dept. Motion of Associated Builders & Owners of Greater New York Inc. for leave to file a brief as *amicus curiae* granted. Certiorari denied.

No. 86–5307. WILLIAMS *v.* OHIO. Sup. Ct. Ohio; and
No. 86–6015. BRADLEY *v.* ALABAMA. Sup. Ct. Ala. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentences in these cases.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting in No. 86–5307.

In this case, the Ohio Supreme Court rejected petitioner's claim that a statutory aggravating factor that repeats an element of the crime is unconstitutional because it fails to narrow the class of persons eligible for the death penalty. This decision is consistent with *Wingo* v. *Blackburn,* 783 F. 2d 1046, 1051 (CA5 1986), cert. pending, No. 86–5026, but in conflict with *Collins* v. *Lockhart,* 754 F. 2d 258, 263–264 (CA8), cert. denied, 474 U. S. 1013 (1985). I would grant certiorari to resolve this conflict.

JUSTICE MARSHALL, dissenting.

In these cases, petitioners' death sentences were founded on statutory aggravating factors that repeat elements of the underlying capital offenses. For reasons stated in *Wiley* v. *Mississippi,* 479 U. S. 906 (1986) (MARSHALL, J., dissenting from denial of certiorari), I would grant the petitions for review.