McMillan, judge.
This appeal arises out of appellant’s conviction of burglary in the third degree.
In June 1987, the appellant was indicted by a Shelby County grand jury for burglary in the third degree, in violation of § 13A-7-7, Code of Alabama (1975). In September 1988, appellant was convicted in a jury trial of the offense charged and was thereafter sentenced to a term of six years’ imprisonment, with three years of this sentence to be spent in incarceration, and the remainder to be suspended.
I.
The appellant argues that the trial court erred to reversal in allowing the prosecution to use his post-arrest silence to impeach his testimony at trial. This court does not agree.
The record indicates that the appellant testified at trial that Barbara Ingram, the complaining witness, lived in the apartment next to his grandmother’s, and that he had known Ms. Ingram for approximately five months prior to the burglary. The appellant testified that he and Ms. Ingram had also dated for much of this time. The appellant further testified that he was mopping his grandmother’s back porch on the day the incident occurred, that he had noticed that a window pane in Ms. Ingram’s door had been smashed, and that he was afraid that someone had broken into her apartment. The appellant stated that he entered Ms. Ingram’s apartment to see if anyone had been hurt and to use the telephone to call the police, since there was no phone in his grandmother’s apartment. The appellant testified that Ms. Ingram returned at this point and, upon seeing him in her apartment, became angry and began cussing at him. The appellant stated that he then left Ms. Ingram’s apartment.
On cross-examination, the appellant was questioned regarding a statement that he had given to Officer C.P. Martin after he had been arrested and given his Miranda warnings. The appellant admitted at this time to telling Officer Martin that, he had gone into the house “to use the bathroom and to use the phone.” The appellant likewise admitted that he did not make any statement to Officer Martin about having any relationship with Ms. Ingram, and that he did not tell Officer Martin that he entered the apartment to see if something had happened to Ms. Ingram, or that he was using the phone to call the police.
Officer Martin was then recalled as a rebuttal witness, and testified as to the content of the appellant’s statement. Officer Martin testified that the appellant told him that he had used Ms. Ingram’s phone several times in the past, and that on this occasion he had entered the apartment through the back door to use the phone. Officer Martin testified that the appellant told him that the window in the back door had been broken, but that he did not break it. Officer Martin then testified that the appellant did not mention in his statement that he had been involved in a relationship with Ms. Ingram, and did not claim that he had a right to be in the apartment as a result of the alleged relationship. Officer *671 Martin further testified that the appellant also did not mention in his statement that he had entered the apartment to see if anyone was injured, or that he was using the phone to call the police.
The appellant argues that he presented no trial testimony which was inconsistent with or contradictory to the earlier statement given to police, and that the trial court erred in allowing him to be cross-examined as to matters not contained in the original statement. In support of his argument, appellant relies primarily on Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), wherein the Supreme Court held that due process is violated when the prosecution uses a defendant's silence after he received his Miranda warnings to impeach his trial testimony. We submit, however, that, because the appellant relinquished his rights under Miranda and voluntarily gave a statement to the police, Doyle, supra, does not apply to the facts of the present case.
“ ‘Doyle does not apply to cross-examination that merely inquires into prior inconsistent statements.’ Anderson v. Charles, 447 U.S. 404, 408, 100 S.Ct. 2180, 2182, 65 L.Ed.2d 222 (1980).... ‘Such questioning makes no unfair use of silence because a defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all.’ Anderson, 447 U.S. at 408, 100 S.Ct. at 2182, 65 L.Ed.2d 222.”
Bradley v. State, 494 So.2d 750, 767 (Ala.Cr.App.1985), affirmed, Ex parte Bradley, 494 So.2d 772 (Ala.1986), cert. denied, Williams v. Ohio, 480 U.S. 923, 107 S.Ct. 1385, 94 L.Ed.2d 699 (1987). “Each of two inconsistent descriptions of events may be said to involve ‘silence’ insofar as it omits facts included in the other version. But Doyle does not require any such formalistic understanding of ‘silence,’ and we find no reason to adopt such a view in this case.” Anderson v. Charles, 447 U.S. 404, 409, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980).
The appellant contends that his testimony at trial added to, but did not contradict, the earlier statement he gave to police. He therefore argues that the rule of law in Anderson, supra, does not apply to the case sub judice. We note, however, that this Court rejected a similar argument in Bogan v. State, 529 So.2d 1029, 1030 (Ala.Cr.App.1988).
II.
The appellant next argues that the trial court erred by refusing to give the following requested jury charge:
“The Court charges the jury that any extra-judicial statements of guilt by the Defendant are presumed involuntary, and the burden is on the State to prove a valid waiver before such may be considered. The credibility and weight to be given such statement(s) are matters exclusively within the province of the jury.”
The record indicates that the,, following discussion took place after the trial court’s oral charge to the jury:
“THE COURT: Is the State satisfied?
“MR. OWENS: It is, Judge.
“THE COURT: Mr. Head?
“MR. HEAD: Off the record — For the record, I object to the written charges not given as presented.
“THE COURT: All right, sir.”
“ ‘No party may assign as error the court’s ... failing to give a written instruction ... unless he objects thereto ..., stating the matter to which he objects and the grounds of his objection.’ Rule 14, A.R. Cr.P. (Temp). See Matkins v. State, 497 So.2d 201, 202 (Ala.1986); Kyser v. State, 513 So.2d 68, 71-72 (Ala.Cr.App.1987).” Bogan, supra, at 1031. “ ‘[T]he proper procedure for objecting to the court’s charge under Rule 14 [A.R.Cr.P.Temp] and Rule 51 [A.R.Civ.P.] is to state the matter to which the party objects and the grounds of his objection.’ Matkins v. State, 497 So.2d 201, 202 (Ala.1986).” Kyser, supra. Moreover, it is well settled that objections raised before the trial court must be sufficiently specific to preserve an issue for appellate *672 review. As this Court held in Brannon v. State, 549 So.2d 532 (Ala.Cr.App.1989):
“Specific objections — are necessary to preserve error for appellate review. Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App.1984). A specific objection is necessary because the ‘trial court must be apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issues involved.’ Bland v. State, 395 So.2d 164, 168 (Ala.Cr.App.1981). ‘A trial court need not cast about for tenable grounds of an objection.’ Watkins v. State, 219 Ala. 254, 122 So. 610, 611 (1929); Turley v. State, 356 So.2d 1238, 1245 (Ala.Cr.App.1978).”
Id. at 540.
As the appellant has failed to properly preserve this issue, there is nothing for our review.
For the foregoing reasons, the judgment of the trial court is correct, and it is due to be affirmed.
AFFIRMED.
All the Judges concur.