INGRAM, Presiding Judge.
The State of Alabama, on behalf of Mildred Lyles, filed an action in the Juvenile Court of Hale County, alleging that James Walker was the father of her child born in August 1984. The juvenile court entered an order determining Walker to be the father of the child. Walker filed a notice of appeal to the Circuit Court of Hale County, requesting a jury trial. The jury returned a verdict finding Walker to be the father of the child. Walker appeals.
*948 Initially, Walker asserts that the trial court erred in admitting the results of a blood test which conflicted with previous results. We deem it unnecessary to delve into the circumstances surrounding the conflicting results, because we find that Walker has failed to preserve this issue for our review.
A review of the record reveals that Walker failed to object at trial to the admission of any of the state’s exhibits regarding the blood tests. If evidence is presented without objection, it is properly admitted and the trier of facts may consider it. “Evidentiary issues will not be considered upon appeal in the absence of an objection....” Armstrong v. Armstrong, 515 So.2d 27, 28 (Ala.Civ.App.1987).
Walker next contends that the trial court erred by allowing the jury to view the child for the purpose of comparison with Walker, while not allowing the jury the opportunity to compare the child with Sims Gray, a party defendant in the action.
Gray was made a party defendant in this action on the motion of Walker. Gray was not present on the day of trial, due to a lack of notice and a general misunderstanding between the parties. The trial court severed the issue of Gray’s paternity for purposes of trial. Walker objected to the severance at the time of trial, but does not raise that issue on appeal.
In brief, Walker cites Teel v. State, 22 Ala.App. 535, 117 So. 504 (1928), for the proposition that “[t]he defendant may offer the child into evidence to show that it bears no resemblance to him or that ‘it resembles some other person who had opportunities for intercourse with the mother.’ ” He argues that “if it was competent to exhibit the child to show that the child resembled the defendant, Walker, it was competent for Walker to exhibit the ... defendant, Sims Gray.” Walker’s argument has no rational basis and is without merit.
The state presented the child to the jury for comparison with Walker. Walker perfunctorily objected to the comparison, noting that Gray was not present. The record reveals that at no time prior to or during the trial did Walker subpoena or attempt to have Gray present for comparison purposes. We cannot find the trial court in error for something which Walker failed to do. We find no error here.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.